■ TRACY CROSS, Appellant, v FINCH PRUYN & COMPANY, INC., Respondent. [722 NYS2d 312] —Crew III, J. Appeals (1) from a judgment of the Supreme Court (Dawson, J.), entered February 3, 2000 in Essex County, upon a verdict rendered in favor of defendant, and (2) from an order of said court, entered April 25, 2000 in Essex County, which denied plaintiff's motion to set aside the verdict.

On July 16, 1992, while working as a laborer and shop steward at a plant owned by defendant, plaintiff allegedly sustained certain injuries to his back while attempting to carry a 96-pound bag of grout up a ladder to the roof of the plant. According to plaintiff, the bag of grout caught on a clamp on the ladder in question, causing the grout to run out of the bag and, in turn, pulling him backward and allegedly lifting up one side of the ladder. In an attempt to keep from falling, plaintiff grabbed the ladder and purportedly twisted his back.

Plaintiff thereafter commenced this action against defendant alleging, *inter alia*, violations of Labor Law § 240 (1) and § 241 (6). Following joinder of issue and discovery, Supreme Court denied the parties' respective motions for summary judgment except to the extent of dismissing plaintiff's Labor Law § 241 (6) cause of action. The matter proceeded to trial, at the conclusion of which defendant moved to dismiss plaintiff's case and plaintiff cross-moved for a directed verdict. Supreme Court reserved decision and submitted the case to the jury, which returned a verdict in favor of defendant. Plaintiff's subsequent motion to set aside the verdict was denied, prompting these appeals.

We affirm. Initially, we reject plaintiff's assertion that Supreme Court erred in denying his cross motion for a directed verdict. It is well settled that a motion for a directed verdict is appropriate only "where, based on the evidence presented, there is no rational process by which a jury could find for the nonmoving party" (*Clemente v Impastato*, 274 AD2d 771, 773; *see, Amo v Little Rapids Corp.*, 268 AD2d 712, 715, *amended* 275 AD2d 565; *see also*, CPLR 4401). Based upon our review of

the record as a whole, we conclude that a question of fact existed both as to whether there was any violation of Labor Law § 240 (1) and, if so, whether such violation was the proximate cause of plaintiff's alleged injuries, thereby precluding a directed verdict.

Plaintiff testified at trial that after the bag of grout caught on the ladder and tore open, the contents of the bag began to run out, pulling him backwards and sideways and twisting the ladder, causing the right leg of the ladder to lift up. Plaintiff further testified that the ladder was placed against the building at approximately a 70-degree angle and that it was not secured in any fashion. However, in a statement given to his employer in 1993, which was admitted into evidence at trial, plaintiff recited a different version of the accident. In that statement, plaintiff indicated that as he climbed the ladder in question, he felt "a sudden sharp pain in [his] left side and low back area," as a result of which he dropped the bag of grout. Plaintiff went on to state that "[t]he ladder did not slip. The ladder was in good shape. It was the weight of the bag that brought on the pain and nothing else." Such conflicting proof plainly presented a question of fact for the jury to resolve as to the issue of whether there had been a violation of Labor Law § 240 (1).

Moreover, even crediting plaintiff's testimony that the ladder did in fact twist and lift up off the ground, the record reveals a question of fact as to whether the failure to properly secure the ladder was the proximate cause of plaintiff's alleged injuries. At trial, plaintiff testified that although he had injured his groin while prying open a crate two days prior to the accident at issue, his back pain resulted solely from the July 16, 1992 incident with the twisting ladder. Other evidence in the record, however, indicated that plaintiff had in fact injured his lower back on July 14, 1992 while prying open the crate. Again, given such conflicting proof, Supreme Court properly denied plaintiff's cross motion for a directed verdict.

We reach a similar conclusion with respect to plaintiff's motion to set aside the verdict. In this regard, the case law makes clear that "[a] verdict should not be set aside as against the weight of the evidence unless the evidence so preponderates in favor of the moving party that the jury could not have reached its verdict upon any fair interpretation of the evidence" (*Marek v DePoalo & Son Bldg. Masonry*, 240 AD2d 1007, 1008; *see, Devoe v Kaplan*, 278 AD2d 734, 735). Suffice it to say, in view of our foregoing discussion of the proof adduced at trial, that plaintiff did not meet the standard for setting aside the jury's

verdict. Accordingly, the judgment and order from which these appeals are taken are affirmed.

Cardona, P. J., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed, with costs.