■ CHARLES SQUIRES, Respondent, v ROBERT MARINI BUILDERS, INC., Defendant and Third-Party Plaintiff-Appellant. THOMAS DAVIN, Doing Business as IMAGE BUILDERS, et al., Third-Party Defendants-Respondents. [739 NYS2d 777] —Rose, J. Appeal from an order of the Supreme Court (Teresi, J.), entered July 31, 2001 in Albany County, which, inter alia, granted plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1).

Plaintiff, a carpenter for subcontractor and third-party defendant Thomas Davin, commenced this action against defendant, the general contractor, to recover for injuries sustained when the extension ladder on which plaintiff was standing collapsed, causing him to fall approximately 20 feet to the ground. Davin's contract with defendant included his agreement to indemnify defendant for losses or injuries resulting from the acts or omissions of his employees, and required him to maintain a $1,000,000 contractual liability insurance policy naming defendant as an additional insured. In his complaint against defendant, plaintiff alleged negligence and liability under Labor Law §§ 200, 240, 241 and 241-a. Defendant forwarded the complaint to Davin's insurer, third-party defendant Utica First Insurance Company, which disclaimed coverage first as to defendant and later as to Davin based on policy provisions excluding injuries sustained by an insured's employees and liability assumed by an insured under a contract. Defendant then commenced a third-party action against Davin and Utica First asserting claims against Davin for indemnification and breach of the contract to obtain insurance, and seeking a declaration requiring Utica First to provide coverage and a defense of plaintiff's claims. Upon the parties' various motions, Supreme Court granted partial summary judgment to plaintiff on his Labor Law § 240 (1) claim, denied defendant's cross motion for indemnification, granted summary judgment to Utica First declaring that Davin's policy excluded plaintiff's claims, and denied Davin's cross motion for dismissal of defendant's third-party claim. Defendant appeals.

As for plaintiff's Labor Law § 240 (1) claim, we have repeatedly held that the question of whether an elevation-related

safety device provides the statutorily mandated protection is resolved as a matter of law "where the device collapses, slips or otherwise fails to perform its function of supporting the workers and their materials" (*Beesimer v Albany Ave. / Rte. 9 Realty*, 216 AD2d 853, 854; *see, Grogan v Norlite Corp.*, 282 AD2d 781, 782; *Spenard v Gregware Gen. Contr.*, 248 AD2d 868, 869). Here, plaintiff supported his motion for partial summary judgment with his own testimony and that of his coworkers that the ladder was unsecured and collapsed out from under him, shifting the burden to defendant to "submit evidence which would raise a factual issue, or an acceptable excuse, for its failure to provide the 'proper protection'" (*Davis v Pizzagalli Constr. Co.*, 186 AD2d 960, 961). Because defendant failed to do so, Supreme Court properly granted plaintiff's motion for partial summary judgment holding defendant liable for a violation of Labor Law § 240 (1) (*see, Sinzieri v Expositions, Inc.*, 270 AD2d 332, 333). This conclusion also renders academic defendant's argument addressing plaintiff's common-law negligence and Labor Law § 200 claims (*see, Covey v Iroquois Gas Transmission Sys.*, 218 AD2d 197, 201, *affd* 89 NY2d 952).

Supreme Court's denial of defendant's motion for a conditional judgment of indemnification against Davin also was proper, as such a judgment is premature when there are outstanding issues of fact regarding the negligence of the indemnitee (*see, State of New York v Travelers Prop. Cas. Ins. Co.*, 280 AD2d 756, 757-758; *Potter v M.A. Bongiovanni, Inc.*, 271 AD2d 918, 919). Here, defendant's project manager, Michael Marini, testified that he visited the job site daily and that his responsibilities included monitoring safety issues at the site. Plaintiff and Davin also assert that defendant had actual or constructive notice that the ladder was not properly secured because the ladder was already in position when Marini arrived on the job site on the morning of plaintiff's fall. Since defendant may have had an opportunity to observe and correct the unsafe practice, we agree that there are triable issues of fact regarding defendant's negligence (*see, Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 352; *Cole v Rappazzo Elec. Co.*, 267 AD2d 735, 736).

Next, defendant argues that Utica First cannot rely on the two policy exclusions cited in its disclaimers of coverage because those disclaimers were untimely. We must agree. Although Utica First contends that no timely disclaimer was required because plaintiff's claim falls outside the scope of the policy's coverage, it overlooks the well-recognized distinction "between the denial of a claim based upon an exclusion from

coverage as opposed to noncoverage * * *. In the former situation, the policy covers the claim but for the applicability of the exclusion and, therefore, a notice of disclaimer is required" (*Greater N.Y. Mut. Ins. Co. v Clark*, 205 AD2d 857, 858, *lv denied* 84 NY2d 807 [citation omitted]; *see, Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188; *United Servs. Auto. Assn. v Meier*, 89 AD2d 998, 999).

Our review of the record leads to the conclusion that here, as a matter of law, notice of the disclaimer was required, but not timely given. Utica First was informed of the existence and nature of plaintiff's claim on March 22, 2000 when it received a letter from defendant's insurer accompanied by copies of plaintiff's complaint and Davin's subcontract. On May 3, 2000, Utica First sent a letter to defendant, with a copy to Davin, disclaiming coverage based on two specified policy exclusions. Despite Utica First's allegation that this notice was timely because of its need to investigate the claim before disclaiming, it is clear that the information required to decide whether or not to deny coverage was plaintiff's status as an employee of Davin and Davin's subcontract with defendant. Plaintiff's complaint and Davin's subcontract unambiguously provided this information. Significantly, Utica First does not allege that it had any reason to doubt the allegations of plaintiff's complaint. As a result, Utica First had the information necessary to immediately determine whether one or more of the policy exclusions applied, and the record does not support the claim that its 42-day delay in disclaiming was reasonable (*see, Kokonis v Hanover Ins. Co.*, 279 AD2d 868, 870; *North Country Ins. Co. v Tucker*, 273 AD2d 683, 684; *Mohawk Minden Ins. Co. v Ferry*, 251 AD2d 846, 848; *compare, Crowningshield v Nationwide Mut. Ins. Co.*, 255 AD2d 813, 815; *State Farm Mut. Auto. Ins. Co. v Clift*, 249 AD2d 800, 802). As the disclaimer was untimely, Supreme Court erred in granting Utica First's motion and denying defendant's cross motion.

Having concluded that Utica First should be precluded from denying coverage of plaintiff's claim based on its policy exclusions, we need not consider defendant's alternate argument that Supreme Court also erred in failing to find that Davin breached his subcontract by neglecting to obtain the prescribed contractual liability insurance.

Mercure, J.P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion of third-party defendant Utica First Insurance Company for summary judgment and denied defendant's cross motion for summary

judgment declaring that said third-party defendant is obligated to defend and indemnify against plaintiff's claim in this action; motion denied and cross motion granted to the extent that it is declared that said third-party defendant is obligated to defend and indemnify defendant in this action; and, as so modified, affirmed.