■ DAVID MURPHY, JR., Appellant, v FINER HOME ALTERATIONS, INC., et al., Respondents. [752 NYS2d 119] —Mercure, J. Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered July 23, 2001 in Albany County, upon a verdict rendered in favor of defendants.

Plaintiff, while employed as a roofer by defendants' subcontractor, was injured when he fell from a wooden plank that was supported by brackets secured to the roof of a single-family residence in the City of Binghamton, Broome County. Alleging that his fall was caused by the failure of one of the roof brackets, plaintiff commenced this action asserting causes of action based upon common-law negligence and Labor Law §§ 240 and 241, but withdrew all but the Labor Law § 240 cause of action at the start of the jury trial in this matter. At the close of defendants' evidence, plaintiff moved for a directed verdict on the issue of Labor Law § 240 liability, arguing that defendants had failed to raise a question of fact as to whether plaintiff's fall was caused by the failure of a roof bracket. Supreme Court denied the motion and, following a jury verdict that the roof bracket did not fail, rendered a judgment, entered July 23, 2001, dismissing the complaint and awarding costs to

defendants. Plaintiff brought a posttrial motion for judgment notwithstanding the verdict or to set aside the verdict as against the weight of the evidence, which was denied by order entered September 24, 2001. Plaintiff appeals from the July 23, 2001 judgment.

Initially, we note that plaintiff did not appeal from the denial of his posttrial motion and, therefore, issues regarding the soundness of that order are not properly before this Court (*see Roufaiel v Ithaca Coll.*, 280 AD2d 812, 814; *Barker v Menard*, 237 AD2d 839, 840, *lv denied* 90 NY2d 804; *see also* CPLR 5515 [1]). Further, "[i]t is well settled that a motion for a directed verdict is appropriate only 'where, based on the evidence presented, there is no rational process by which a jury could find for the nonmoving party'" (*Cross v Finch Pruyn & Co.*, 281 AD2d 836, 836, quoting *Clemente v Impastato*, 274 AD2d 771, 773; *see Amo v Little Rapids Corp.*, 268 AD2d 712, 715, *amended* 275 AD2d 565). This is not such a case. While plaintiff and his employer, a childhood friend, both testified that plaintiff's fall was caused by the failure of a roof bracket, plaintiff's employer testified both that he "saw the bracket give way" and that he was "sure [he] didn't see the bracket giving way." Plaintiff also testified that the failure of the roof bracket caused both the plank and bracket to fall "completely," but none of the witnesses could recall seeing either the roof bracket or the plank on the ground. Additionally, plaintiff testified that another coworker had been standing on the same plank when the bracket "failed," but later testified that this coworker had not yet come down from the roof when plaintiff was transported from the site. In our view, these and other inconsistencies in the trial evidence raised credibility issues that only a jury could resolve (*see Cross v Finch Pruyn & Co., supra* at 837).

Finally, plaintiff contends that the jury charge was in error. At a precharge conference, plaintiff requested that the jury first be charged to determine whether the roof bracket failed. Supreme Court acceded to this request, but, in the course of its charge, the court at one point misstated the question as whether "the wooden plank did fail." Plaintiff contends that this error was so fundamental that we should order a new trial in the interest of justice despite his failure to preserve this issue for our review. We decline to do so because there is no indication that the misstatement resulted in any juror confusion (*see Pyptiuk v Kramer*, 295 AD2d 768; *Hansel v Lamb*, 257 AD2d 795, 797; *Zito v New York State Elec. & Gas Corp.*, 122 AD2d 499, 500-501; *cf. Capicchioni v Morrissey*, 205 AD2d 959).

Cardona, P.J., Peters, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.