■ PAUL MORIN, Appellant, v MACHNICK BUILDERS, LTD., et al., Respondents. (And a Third-Party Action.) [772 NYS2d 388]—

Kane, J. Appeal from an order of the Supreme Court (Canfield, J.), entered August 21, 2003 in Rensselaer County, which, inter alia, denied plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1).

Defendant Machnick Builders, Ltd., a general contractor, was building a Hess Mini Mart on property owned by defendant Amerada Hess Corporation. Plaintiff, a painter employed by a subcontractor on the project, was injured in a work-related accident when the extension ladder upon which he was standing kicked out from underneath him. There are two versions as to how this happened. Plaintiff testified at an examination before trial that although the sidewalk in front of the building had patches of ice, he placed the rubber feet of the aluminum ladder on clear ground. He did not know why the bottom of the ladder slid away from the building, causing him to fall. A coworker at the site testified before trial that the sidewalk was a sheet of ice, he warned plaintiff not to utilize a ladder in those icy conditions, he advised that if plaintiff decided to climb the ladder there he should tie it down or brace it against a truck to secure it, that plaintiff told him he would put a sheet of plywood under the ladder and that, after the accident, he saw a sheet of plywood, which had apparently slid, near the fallen ladder. No scaffolding, lift platforms, ropes, harnesses or similar safety devices were available at the site. Defendants did not provide any equipment for the subcontractor or its employees.

Plaintiff commenced this action seeking recovery for personal injuries. He moved for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1). Machnick cross-moved for, among other things, summary judgment on the grounds that plaintiff was the sole proximate cause of the accident and he was a recalcitrant worker. Supreme Court denied the motion and cross motion. Plaintiff appeals.

Defendants are not liable under Labor Law § 240 (1) if there was no statutory violation and plaintiff's own actions were the sole proximate cause of the accident (see *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 n 8 [2003]). Labor Law § 240 (1) provides that "[a]ll contractors and owners . . . who contract for . . . work, in the . . . painting . . . of a building or structure shall furnish or erect, . . . for the performance

of such labor, . . . ladders, . . . ropes, and other devices which shall be so . . . *placed* . . . as to give proper protection to a person so employed" (emphasis added). On a motion for summary judgment, a statutory violation, and thus prima facie entitlement to summary judgment, is established " 'where the [ladder] collapses, slips or otherwise fails to perform its function of supporting the worker[ ] and [his] materials' " (*Squires v Robert Marini Bldrs.*, 293 AD2d 808, 808-809 [2002], *lv denied* 99 NY2d 502 [2002], quoting *Beesimer v Albany Ave./Rte. 9 Realty*, 216 AD2d 853, 854 [1995]; *accord Blake v Neighborhood Hous. Servs. of N.Y. City, supra* at 289 n 8). "Once the plaintiff makes a prima facie showing[,] the burden then shifts to the defendant, who may defeat plaintiff's motion for summary judgment only if there is a plausible view of the evidence—enough to raise a fact question—that there was no statutory violation and that plaintiff's own acts or omissions were the sole cause of the accident" (*Blake v Neighborhood Hous. Servs. of N.Y. City, supra* at 289 n 8; *see Squires v Robert Marini Bldrs., supra* at 809).

The only elevation-related safety device provided to plaintiff was the extension ladder. No ropes or other safety devices were provided to secure the ladder and prevent it from slipping, nor were harnesses provided to prevent plaintiff from hitting the ground if the ladder did slip. Because the ladder here was not properly placed, it slid out from underneath plaintiff, causing him to fall and land on the ground. Accordingly, plaintiff established that defendants violated Labor Law § 240 (1) and such violation was a cause of his injury (*see Tavarez v Weissman*, 297 AD2d 245, 246-247 [2002]; *Squires v Robert Marini Bldrs., supra* at 808-809; *Dennis v Beltrone Constr. Co.*, 195 AD2d 688, 689 [1993]). As this statutory violation was a proximate cause of plaintiff's fall, plaintiff's own actions cannot be the sole proximate cause of his fall (*see Blake v Neighborhood Hous. Servs. of N.Y. City, supra* at 289 n 8). Even accepting defendants' argument that plaintiff placed the ladder on plywood over the ice, his actions would render him contributorily negligent, a defense unavailable under this statute (*see Kouros v State of New York*, 288 AD2d 566, 567-568 [2001]). This matter is distinguishable from cases where the worker misused an otherwise suitable safety device (*see Blake v Neighborhood Hous. Servs. of N.Y. City, supra*; *Meade v Rock-McGraw, Inc.*, 307 AD2d 156, 158-160 [2003]). Here, the ladder slipped because it was not properly placed considering the conditions at the work site. The safety equipment supplied was inadequate under these conditions (*see Bland v Manocherian*, 66 NY2d 452, 460 [1985]; *Dennis v Beltrone Constr. Co., supra* at

689; *Fernandez v MHP Land Assoc.*, 188 AD2d 417, 418 [1992]). Thus, plaintiff was entitled to partial summary judgment on the issue of liability under Labor Law § 240 (1) (*see Panek v County of Albany*, 99 NY2d 452, 458 [2003]).

The recalcitrant worker defense is inapplicable here. That defense requires a showing that the worker deliberately refused to use safety devices available and visibly in place at the worker's immediate work site (*see Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562-563 [1993]; *Kouros v State of New York, supra* at 567; *Powers v Lino Del Zotto & Son Bldrs.*, 266 AD2d 668, 669 [1999]). Plaintiff used the only safety device provided, the ladder. Merely failing to follow his coworkers' advice did not render plaintiff "recalcitrant" (*Powers v Lino Del Zotto & Son Bldrs., supra* at 669; *see Gordon v Eastern Ry. Supply, supra* at 563), especially as there was no proof that any rope or other safety device to secure the ladder was available on the site (*see Powers v Lino Del Zotto & Son Bldrs., supra*). Therefore, Supreme Court properly denied defendants' motion for summary judgment on the recalcitrant worker defense.

Peters, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as denied plaintiff's motion for partial summary judgment; motion granted; and, as so modified, affirmed.