RAUN D. GABRIEL et al., Appellants, v THE BOLDT GROUP, INC., et al., Defendants, and SOLVAY PAPERBOARD, LLC, et al., Respondents. [778 NYS2d 829]—

Appeal from an order of the Supreme Court, Onondaga County (Edward D. Carni, J.), entered June 11, 2003. The order, insofar as appealed from, denied plaintiffs' cross motion for partial summary judgment on liability under Labor Law § 240 (1).

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and the cross motion is granted.

Memorandum: As limited by their brief, plaintiffs appeal from that part of an order denying their cross motion for partial summary judgment on liability under Labor Law § 240 (1). We agree with plaintiffs that Supreme Court erred in denying their cross motion. Raun Duval Gabriel (plaintiff) was employed as a construction worker by a subcontractor hired to work on a project involving the construction of five ceramic-lined silos used for the production of paper. Plaintiff was injured while he and a coworker were attempting to raise a 400- to 500-pound metal insert approximately 30 to 40 feet to the top of one of the silos. The insert was attached to a rope that was run through a pulley. The cross member on which the pulley was placed collapsed when the insert was approximately eight feet off the ground, and both the pulley and the rope struck plaintiff in the shoulders and lower back.

To come within the protection of Labor Law § 240 (1) when struck by a falling object, "a plaintiff must show more than simply that an object fell causing injury to a worker. A plaintiff must show that the object fell, while being hoisted or secured, *because of* the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]). Here, plaintiff was struck by the hoisting apparatus when it collapsed while being used to lift the insert, and it is undisputed that the hoisting apparatus that struck plaintiff constituted a falling object within the meaning of Labor Law § 240 (1). Labor Law § 240 (1) requires that contractors and owners furnish or erect "hoists, . . . pulleys . . . and other devices *which shall be so constructed, placed and operated as to give proper protection* to a person so employed" (emphasis added). Although "[a]bsolute liability for falling objects under Labor Law § 240 (1) arises only when there is a failure to use necessary and adequate hoisting or securing devices" (*Narducci*, 96 NY2d at 268), we conclude herein that a defective hoist is itself a falling object when the hoist collapses while being used to lift an object. We thus conclude that plaintiffs are entitled to partial summary judgment on liability under Labor Law § 240 (1). Present—Pigott, Jr., P.J., Pine, Kehoe, Martoche and Hayes, JJ.