■ THOMAS J. GILBERT, Appellant, v ALBANY MEDICAL CENTER et al., Respondents. (And a Third-Party Action.) [779 NYS2d 653]—

Lahtinen, J. Appeal from that part of an order of the Supreme Court (Keegan, J.), entered May 12, 2003 in Albany County, which, upon renewal, denied plaintiff's motion for partial summary judgment.

Plaintiff was injured when he fell while working on a ladder during an asbestos removal project that his employer was conducting at a building owned by defendants. He commenced this action alleging liability under Labor Law §§ 200, 240 (1) and § 241 (6). Plaintiff subsequently moved for partial summary judgment on the Labor Law § 240 (1) cause of action. Defendants opposed the motion and cross-moved for partial summary judgment seeking dismissal of the Labor Law §§ 200 and 241 (6) causes of action. In January 2003, Supreme Court granted plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) cause of action, partially granted defendants' cross motion by dismissing the Labor Law § 241 (6) cause of action and plaintiff withdrew the Labor Law § 200 cause of action. Plaintiff and defendants appealed and, while that appeal was pending, defendants moved to reargue and renew. Supreme Court granted defendants' motion to renew and, based upon the additional evidence submitted, denied plaintiff's motion for partial summary judgment finding triable issues as regards the alleged violation of Labor Law § 240 (1). Plaintiff elected not to pursue his appeal from Supreme Court's January 2003 order which dismissed his Labor Law § 241 (6) cause of action. He has, however, appealed from the order which, upon renewal,

denied his motion for partial summary judgment under Labor Law § 240 (1).

Plaintiff does not contest on appeal the aspect of Supreme Court's order that permitted renewal and, thus, we turn to his argument that, even considering the additional evidence submitted by defendants, he was entitled to partial summary judgment on the Labor Law § 240 (1) claim. Labor Law § 240 (1) is liberally construed to effect its purpose of providing protection to workers (*see Melber v 6333 Main St.*, 91 NY2d 759, 762 [1998]). To recover under the statute, a plaintiff must show a violation of the statute that was a proximate cause of the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]; *Duda v Rouse Constr. Corp.*, 32 NY2d 405, 410 [1973]). The comparative negligence of a plaintiff is not a defense (*see Stolt v General Foods Corp.*, 81 NY2d 918, 920 [1993]; *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 521 [1985]). If, however, the sole proximate cause of the accident is a plaintiff's conduct then there is no liability under the statute (*see Blake v Neighborhood Hous. Servs. of N.Y. City, supra* at 290-291; *Weininger v Hagedorn & Co.*, 91 NY2d 958, 960 [1998]).

Here, plaintiff was removing asbestos from a pipe located at a height of about nine feet. He was provided a six-foot stepladder to remove asbestos. The entire area, including the floor, was covered with polyethylene that had been sprayed with water creating a slippery surface. Plaintiff testified that, as he was working on the ladder, he felt it slip and then it collapsed. He fell on top of the ladder sustaining injuries. A coworker in the room did not see plaintiff fall, but he heard a noise and then observed both plaintiff and the ladder on the floor immediately after the accident. Plaintiff's supervisor, Michael Horton, was summoned from another part of the building and spoke with plaintiff shortly after the accident. Based upon his conversation with plaintiff and inspection of the accident scene, he concluded that plaintiff had been reaching and extending from the ladder. Horton stated that the ladder was supposed to be placed under a three-foot section of the pipe, asbestos removed, and then the ladder moved to another three-foot section. However, the evidence establishes that the ladder was open and placed on a slippery surface when it collapsed and plaintiff fell. This constitutes a prima facie showing of a Labor Law § 240 (1) violation that was a proximate cause of the accident (*see Morin v Machnick Bldrs.*, 4 AD3d 668, 670 [2004]; *Smith v Pergament Enters. of S.I.*, 271 AD2d 870, 871-872 [2000]; *see also Bland v Manocherian*, 66 NY2d 452 [1985]; *Beesimer v Albany Ave./Route 9 Realty,*

216 AD2d 853, 854 [1995]). The fact that plaintiff may have been extending or reaching from the ladder would implicate comparative negligence, which is not a defense to a section 240 (1) action. Accordingly, we conclude that plaintiff's motion for partial summary judgment should have been granted.

Peters, J.P., and Mugglin J., concur.

Rose, J. (dissenting). In reaching its decision that plaintiff is entitled to summary judgment on the Labor Law § 240 (1) claim, the majority concludes that even if plaintiff's fall were caused by his reaching and extending too far out from a fully opened A-frame stepladder with rubber feet, his misuse of the ladder would not be the sole proximate cause of the accident because defendants failed to ensure that the ladder was properly placed or secured. Inasmuch as we read *Blake v Neighborhood Hous. Servs. of N.Y. City* (1 NY3d 280 [2003]) to support Supreme Court's finding that triable issues exist here, we respectfully dissent. If there is a plausible view of the evidence that there is no statutory violation and plaintiff's own acts or omissions are the sole proximate cause of the accident, then jury questions are raised (*id.* at 289 n 8; *Morin v Machnick Bldrs.*, 4 AD3d 668, 670 [2004]).

In opposition to plaintiff's motion for summary judgment, defendants presented the testimony of the project manager who inspected the site immediately after plaintiff's fall and, contrary to plaintiff's testimony, reported that the floor was not slippery. He also corroborated plaintiff's admission that the ladder appeared to be free of any defects. In addition, defendants presented expert testimony from a professional engineer who, relying on photographs of the scene and testimony and reports describing the accident, opined that the accident did not occur due to any defect in the ladder or unsafe condition at the premises. Specifically, the expert concluded that, given the undisputed fact that the ladder was open, with braces fully extended and locked into place, it could not have slipped and fallen in the manner described by plaintiff in his deposition.

Defendants also presented evidence that plaintiff's misuse of the ladder was the sole cause of the accident. Plaintiff's supervisor, relying on his interview with plaintiff immediately after the accident, his inspection of the work site and his familiarity with the work being done, concluded that plaintiff was overreaching, rather than moving the ladder along the pipe as he worked. Due to the nature of the work being performed here, plaintiff could not safely reach beyond a three-foot portion of the elevated pipe, and he was allegedly instructed not to do so. Since plaintiff could move the stepladder as needed, however, the placement of

the ladder did not require him to remove material beyond the area that he could safely reach. Thus, if plaintiff's fall were caused by improperly overreaching, as the evidence presented by defendants suggests, then his misuse of the ladder would have caused it to be improperly placed rather than the improper placement causing his misuse (*compare Meade v Rock-McGraw, Inc.*, 307 AD2d 156, 158-160 [2003], *with Izzo v AEW Capital Mgt.*, 288 AD2d 268, 269 [2001]).

It is in this respect that this case is distinguishable from *Morin v Machnick Bldrs.* (*supra*), cited by the majority. In *Morin*, the improperly placed extension ladder slid out from underneath the worker due to the conditions at the work site and, because this was a proximate cause of the worker's fall, his own failure to secure the ladder was not the sole proximate cause (4 AD3d at 670). We noted that the facts in *Morin* were distinguishable from those in *Blake* and *Meade v Rock-McGraw, Inc.* (*supra*), as they were cases "where the worker misused an otherwise suitable safety device" (*Morin v Machnick Bldrs., supra* at 670). Here, there is a reasonable view of the evidence that, as in *Meade*, "the ladder was inadequately secured [or placed] . . . due to plaintiff's improper use of it, which would not give rise to a Labor Law violation" (*Meade v Rock-McGraw, Inc., supra* at 159; *see Spenard v Gregware Gen. Contr.*, 248 AD2d 868, 870 [1998] [finding a question of fact as to whether worker fell from stepladder because of his loss of balance or because stepladder failed to provide proper protection]). Since defendants raised a triable issue of fact as to whether plaintiff's alleged improper overreaching and not any slippery condition on the floor affected the ladder's stability, we would affirm Supreme Court's order.

Spain, J., concurs. Ordered that the order is reversed, on the law, with costs, and plaintiff's motion for partial summary judgment granted.