■ BERNARD C. DANTON et al., Appellants, v JOSEPH VAN VALKENBURG, Respondent. [787 NYS2d 431]—

Mercure, J.P. Appeal from an order of the Supreme Court (McNamara, J.), entered March 4, 2004 in Albany County, which, inter alia, denied plaintiffs' motion for partial summary judgment on the issue of liability under Labor Law § 240 (1).

In September 2000, plaintiff Bernard C. Danton (hereinafter plaintiff) injured his wrist while installing electrical cables at property owned by defendant in Albany County. Plaintiff and his wife, derivatively, commenced this action alleging, among other things, a cause of action pursuant to Labor Law § 240 (1) and requesting damages in the amount of $4.5 million. As relevant here, plaintiffs moved for partial summary judgment on the issue of liability with respect to their Labor Law § 240 (1) claim. Supreme Court denied the motion and plaintiffs now appeal.

We affirm. It is well settled that a plaintiffs' Labor Law § 240 (1) claim "is resolved as a matter of law 'where [an elevation-related safety] device collapses, slips or otherwise fails to perform its function of supporting the workers and their materials' " (*Squires v Marini Bldrs.*, 293 AD2d 808, 809 [2002], *lv denied* 99 NY2d 502 [2002], quoting *Beesimer v Albany Ave./ Rte. 9 Realty*, 216 AD2d 853, 854 [1995]; *see Morin v Machnick*

*Bldrs.*, 4 AD3d 668, 670 [2004]). Here, defendant does not dispute that plaintiffs established their prima facie entitlement to summary judgment through plaintiff's testimony that he sustained his injury when the left leg of the ladder that defendant had supplied him bent under plaintiff's weight, causing him to fall to the concrete floor (*see Williams v General Elec. Co.*, 8 AD3d 866, 867 [2004]; *Squires v Marini Bldrs., supra* at 809). The burden thus shifted to defendant to raise a triable issue of fact "that there was no statutory violation and that plaintiff's own acts or omissions were the sole cause of the accident" (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 n 8 [2003]). In this regard, we note that "a fall from a scaffold or ladder, *in and of itself*, [will not] result[ ] in an award of damages to the injured party" (*id.* at 288 [emphasis added]). Instead, liability is contingent on an actual violation of Labor Law § 240 (1). Hence, "there can be no liability under section 240 (1) when there is no violation and the worker's actions . . . are the 'sole proximate cause' of the accident" (*Blake v Neighborhood Hous. Servs. of N.Y. City, supra* at 290; *see Gilbert v Albany Med. Ctr.*, 9 AD3d 643, 644 [2004]).

We agree with Supreme Court that, here, defendant's testimony relating a conversation that took place just after the accident between defendant's son and plaintiff raised a question of fact as to whether plaintiff's own negligence was the sole proximate cause of the injury. Specifically, defendant claims that plaintiff admitted at the time of the accident that he caused the ladder to fall by leaning too far to the side while on it, in contradiction to plaintiff's current argument that it was the failure of the left ladder leg that caused his fall. Put another way, defendant asserts that plaintiff's admissions that the ladder fell because he was leaning and it was the fall that caused the ladder leg to bend raise questions of fact regarding whether the necessary statutory violation ever occurred and whether it was plaintiff's conduct alone that caused the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City, supra* at 290-291). In light of the parties' conflicting accounts of the accident, we cannot say that Supreme Court erred in denying plaintiffs' motion for partial summary judgment (*see Meade v Rock-McGraw, Inc.*, 307 AD2d 156, 159-160 [2003]; *cf. Gilbert v Albany Med. Ctr., supra* at 644-645 [determining that the defendants failed to raise a triable issue of fact sufficient to overcome the plaintiff's prima facie showing that a statutory violation—improper placement of a ladder on a slippery floor—was a proximate cause of the plaintiff's accident and, thus, that the plaintiff's conduct could not have been the *sole* cause of the accident]).

To the extent that plaintiffs argue that defendant's testimony

constituted inadmissible "double hearsay" (*see generally Nucci v Proper*, 95 NY2d 597, 603-604 [2001]) and should not have been considered, we note that plaintiffs waived any challenge by failing to object before Supreme Court on hearsay grounds (*see Hartford Acc. & Indem. Co. v Transamerica Ins. Co.*, 141 AD2d 423, 425 [1988]). Had plaintiffs objected, defendant could have produced an affidavit from his son or an excuse for the failure to tender evidence in admissible form (*see Gizzi v Hall*, 300 AD2d 879, 881 [2002]). Inasmuch as " 'the issue might have been obviated by such an evidentiary showing, [it] cannot be raised for the first time on appeal' " (*Sam v Town of Rotterdam*, 248 AD2d 850, 852 [1998], *lv denied* 92 NY2d 804 [1998], quoting *First Intl. Bank of Israel v Blankstein & Son*, 59 NY2d 436, 447 [1983]).

Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.