**38** Michael Dowling et al., Appellants, v McCloskey Community Services Corporation, Respondent. [847 NYS2d 249]—

Cardona, P.J. Appeal from an order of the Supreme Court (Doyle, J.), entered December 15, 2006 in Albany County, which denied plaintiffs' motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Plaintiff Michael Dowling (hereinafter plaintiff) was injured when he fell from an extension ladder while painting the ceiling of a chapel located on property owned by defendant. Plaintiff was provided with a 20-foot straight aluminum extension ladder, which he leaned against a ceiling beam approximately 16

feet above the floor. According to plaintiff, while he was on the ladder painting the ceiling, he heard "a creaking sound and the ladder slipped" out from underneath him, causing him to fall. As a result, plaintiff and his wife, derivatively, commenced this personal injury action alleging, among other things, a violation of Labor Law § 240 (1). Following joinder of issue and discovery, plaintiffs moved for partial summary judgment on the issue of liability alleging that plaintiff was not provided with an adequately-secured and properly-placed ladder as required by Labor Law § 240 (1). Supreme Court denied that motion and this appeal ensued.

Pursuant to Labor Law § 240 (1), owners and contractors are required to construct, place and operate elevation-related safety devices to provide workers with proper protection from risks inherent in elevation-related work sites (*see Ball v Cascade Tissue Group-N.Y., Inc.*, 36 AD3d 1187, 1188 [2007]). Whether the provided safety device afforded proper protection to a worker within the meaning of Labor Law § 240 is ordinarily a question of fact (*see Beesimer v Albany Ave./Rte. 9 Realty*, 216 AD2d 853, 854 [1995]). However, " 'where the device collapses, slips or otherwise fails to perform its function of supporting the worker[ ]' " a prima facie entitlement to partial summary judgment is established (*Squires v Marini Bldrs.*, 293 AD2d 808, 809 [2002], *lv denied* 99 NY2d 502 [2002], quoting *Beesimer v Albany Ave./Rte. 9 Realty*, 216 AD2d at 854; *see Morin v Machnick Bldrs.*, 4 AD3d 668, 670 [2004]). Here, plaintiff's deposition testimony that the unsecured aluminum extension ladder slipped out from underneath him while he was painting established plaintiffs' prima facie entitlement to partial summary judgment on liability under Labor Law § 240 (1), thereby shifting the burden to defendant to demonstrate the existence of a triable issue of fact (*see Ball v Cascade Tissue Group-N.Y., Inc.*, 36 AD3d at 1188; *Morin v Machnick Bldrs.*, 4 AD3d at 670). Importantly, defendant did not refute plaintiff's testimony or submit any evidence that the ladder was adequate and properly placed or that plaintiff's conduct was the sole proximate cause of the injuries.* Accordingly, plaintiffs' motion should have been granted (*see Panek v County of Albany*, 99 NY2d 452, 458 [2003]; *Ball v Cascade Tissue Group-N.Y., Inc.*, 36 AD3d at 1188; *Morin v Machnick Bldrs.*, 4 AD3d at 670-671).

Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered

---

* Although defendant's evidence in opposition to summary judgment raises a question of fact regarding a violation of 12 NYCRR 23-1.21, this is insufficient to raise a question of fact with respect to the violation of Labor Law § 240 (1).

that the order is reversed, on the law, with costs, and motion granted.