■ KARL KING, Appellant-Respondent, v LEANDER PERROTTE, Respondent-Appellant. [855 NYS2d 706]—

Kavanagh, J. Cross appeals from a judgment of the Supreme Court (Dawson, J.), entered January 11, 2007 in Clinton County, upon a verdict rendered in favor of defendant.

Plaintiff was hired by defendant, a building contractor, to remove and replace the roof on a house which defendant had used as a rental property and was in the process of selling to his granddaughter. Defendant provided the shingles to be used in this project as well as a bucket loader forklift with an attachment (hereinafter the forklift) to transport the shingles to the job site. After defendant drove the forklift containing a palette of shingles to the work area, he raised the forklift's bucket by hydraulic lift to roof level and plaintiff and a coworker began removing shingles from the forklift onto the roof. In an apparent attempt to expedite this process, plaintiff stepped from the roof onto the forks of the lift and began handing bales of shingles to his coworker, who in turn carried them onto the roof. From this point forward, the parties relate very different versions as to what then transpired in the moments leading up to the actual accident.

Plaintiff testified that defendant was still operating the forklift as he was standing on the bucket of the forklift some three feet above the level of the roof. According to plaintiff, suddenly, and without any warning, the lift began to move backward and, after it had moved three to five feet, the bucket tipped downward dumping plaintiff and its contents some 15 feet to the ground below.

Defendant's version is dramatically different. He testified that after he raised the bucket lift to an area just below the level of the roof, he exited the vehicle and watched as plaintiff and his coworker unloaded the shingles onto the roof. Suddenly, according to defendant, and in part corroborated by plaintiff's

coworker, the hydraulic lift began to move slowly downward and the bucket—carrying plaintiff and the palette of shingles—began to slowly descend to the ground below. As it descended, plaintiff remained standing in the bucket and continued to move shingles onto the roof. When it reached the ground, the bucket tilted downward and two to three bales of shingles slid off, rolled towards the garage and dented the garage door. Defendant, whose view of what transpired was partially obstructed by the forklift, walked around the apparatus and saw plaintiff standing next to the bucket holding a bale of shingles in one hand. According to defendant, plaintiff was laughing and, at that time, stated something to the effect that he had dropped a bale of shingles that he had been holding on his foot and that he was injured.

Later that day, plaintiff sought medical care and was subsequently diagnosed with a nondisplaced transverse fracture of his left toe. He later complained of pain in his back and knee, which he attributed to the injuries he had sustained in the accident. Plaintiff commenced this action against defendant based upon, among other things, violations of Labor Law §§ 200 and 240 (1) and common-law negligence.

At the close of proof at trial, each party moved for a directed verdict. Supreme Court granted plaintiff's motion finding that the lift was a hoist that had malfunctioned during a construction related activity and that defendant had violated Labor Law § 240 (1). The court submitted to the jury the question as to whether plaintiff's injuries were caused by this violation as well as whether defendant was negligent.[1] The jury returned a verdict in defendant's favor, finding that the Labor Law § 240 (1) violation was not a substantial factor in causing plaintiff's injuries and that defendant was not negligent. Plaintiff moved to set the verdict aside as against the weight of the evidence and on the ground that, as rendered, it was inconsistent with the court's finding that the failure of the forklift constituted a Labor Law § 240 (1) violation. Supreme Court denied the motion, plaintiff appeals and defendant cross appeals.[2]

In arguing that the jury's verdict was against the weight of the evidence, plaintiff claims that there is no real dispute that he fractured his toe as a result of this accident and that, based on the evidence submitted, the jury could not have reasonably

---

1. At the close of trial, plaintiff chose not to have the Labor Law § 200 claim go to the jury.

2. Defendant cross-appeals from Supreme Court's decisions denying his motion for a directed verdict dismissing the Labor Law § 240 (1) claims and granting plaintiff's motion for a directed verdict.

concluded that this injury was caused by anything other than a malfunction of the forklift. As such, plaintiff argues that this verdict should be set aside because the evidence " ' "so preponderate[d] in favor of the [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence" ' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995], quoting *Moffatt v Moffatt*, 86 AD2d 864 [1982], *affd* 62 NY2d 875 [1984]; *see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Black v City of Schenectady*, 21 AD3d 661, 662 [2005]). We disagree and, for reasons that follow, we affirm the judgment.

Labor Law § 240 (1) requires property owners "in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure [to] furnish or erect, or cause to be furnished or erected for the performance of such labor, . . . hoists . . . and other devices which shall be so . . . placed and operated as to give proper protection to a person so employed." While much is at issue in terms of the circumstances surrounding this accident, it is not in dispute that the forklift was being used to raise a palette of shingles to a height so that the shingles could be unloaded onto a roof. While the shingles were being unloaded onto the roof, the parties agree that the lift malfunctioned (although they dramatically differ as to the description of that malfunction) and plaintiff was subsequently injured (*see Rocovich v Consolidated Edison Co.*, 78 NY2d 509 [1991]; *Gonzalez v Glenwood Mason Supply Co., Inc.*, 41 AD3d 338, 339 [2007]). For that reason, we agree with Supreme Court's decision directing a verdict in plaintiff's favor as to the existence of a Labor Law § 240 (1) violation (*see Fitzsimmons v City of New York*, 37 AD3d 655, 657 [2007]; *Gabriel v Boldt Group, Inc.*, 8 AD3d 1058, 1059 [2004]).

However, simply because a Labor Law § 240 (1) violation had in fact occurred does not necessarily mean that the malfunction in question caused plaintiff's injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280 [2003]). Only if the questions of liability and damages are so interwoven that it would be illogical to conclude that a Labor Law § 240 (1) violation existed but did not cause resulting injury would a trial court be justified in directing a verdict on the issue of causation (*see Futo v Brescia Bldg. Co.*, 302 AD2d 813, 815 [2003]; *Calderon v Irani*, 296 AD2d 778, 778 [2002]; *Darrow v Lavancha*, 169 AD2d 965, 966 [1991]). Here, there was dramatically different depictions presented by the parties as to what precisely occurred as a result of the forklift's malfunction, and the jury had to make a final determination as to which account was credible. The jury obviously adopted defendant's version of the events leading up to

plaintiff being injured, and this decision, as reflected by the verdict, enjoys ample support in the record (*see Starr v Cambridge Green Homeowners Assn.*, 300 AD2d 779, 780-781 [2002]; *Murphy v Finer Home Alterations*, 300 AD2d 782, 782 [2002]).

Specifically, the jury could have reasonably concluded that the failure of the forklift did not cause any of the shingles to fall on plaintiff's toe. Instead, it could have found that plaintiff was injured simply because he dropped the bale of shingles that he was holding and this act was not in any way related to the malfunction of the forklift. As such, it could have reasonably concluded that plaintiff's actions, and not the Labor Law § 240 (1) violation, were the sole proximate cause of the accident (*see Danton v Van Valkenburg*, 13 AD3d 931, 932 [2004]). Because the jury's verdict was based upon a fair interpretation of the evidence, Supreme Court properly denied plaintiff's motion to set it aside (*see Cross v Finch Pruyn & Co.*, 281 AD2d 836, 838 [2001]).

At the charge conference held prior to submitting this matter to the jury, Supreme Court directed defendant not to argue to the jury that it was plaintiff's negligence and not the malfunction of the forklift that was the proximate cause of plaintiff's injuries. Specifically, the court indicated that its decision to direct the verdict on the Labor Law § 240 (1) violation precluded defendant from making any such argument on the ground that comparative negligence is not a valid issue to be raised in response to such a violation. We find that this was error. Defendant had the absolute right, based on competent evidence introduced at trial, to argue that plaintiff's negligence, and not the malfunction of the hoist, was the sole proximate cause for any injuries that plaintiff sustained as a result of this incident (*see Ball v Cascade Tissue Group-N.Y., Inc.*, 36 AD3d 1187, 1189 [2007]; *Danton v Van Valkenburg*, 13 AD3d at 932; *Cross v Finch Pruyn & Co.*, 281 AD2d at 837). Given that this ruling was obviously adverse to defendant's interest and did not in any way prejudice plaintiff, it was harmless error (*compare Carlo v Lynn Ladder & Scaffolding Co.*, 309 AD2d 999, 1000 [2003]).

While Supreme Court incorrectly ruled at the charge conference that the Labor Law § 240 (1) violation necessarily included a finding that the accident was proximately caused by such violation, the jury was not given such a specific instruction. The verdict questionnaire[3] specifically asked the jury to decide whether the failure of the forklift was a substantial factor in

---

3. Plaintiff did not have any objections to the jury instructions or the verdict sheet.

causing any of the injuries that plaintiff claims to have incurred as a result of this incident. In that regard, we note that the court, without objection, instructed the jury that, to find for plaintiff, "you also have to find that the violation of the statute was a substantial factor in causing the injuries. In that regard, if you find that the failure of the hoist, that is the bucket loader to protect the plaintiff[,] was a substantial factor in causing plaintiff's injuries, you will find for the plaintiff. If you find that the failure of the hoist to protect the plaintiff was not a substantial factor in causing plaintiff's injuries, you will find for the defendant."

We also agree that the jury's finding that defendant was not negligent was supported by the weight of the credible evidence. Not only was defendant's testimony regarding the circumstances leading up to the accident corroborated in large measure by that of another eyewitness, but there was no evidence introduced establishing that defendant had either actual or constructive notice of the existence of any defect that would have caused the forklift to malfunction while being used on this project (see *Gadani v Dormitory Auth. of State of N.Y.*, 43 AD3d 1218, 1220 [2007]; *Desharnais v Jefferson Concrete Co., Inc.*, 35 AD3d 1059, 1061 [2006]).

Because we find that Supreme Court properly denied plaintiff's motion to set aside the verdict, we need not reach the remainder of the issues presented in defendant's cross appeal. Plaintiff's remaining arguments have been reviewed and found to be without merit.

Cardona, P.J., Spain, Carpinello and Stein, JJ., concur. Ordered that the judgment is affirmed, with costs to defendant.