■ JOSE DESHIELDS, Appellant, v DEBORAH CAREY, Respondent. [897 NYS2d 254]—

Garry, J.

Defendant engaged plaintiff to perform renovations and repairs on defendant's two-family house in the Town of Fultonville, Montgomery County. In January 2005, while installing siding, plaintiff fell from a height of 10 to 15 feet. Plaintiff commenced this action against defendant seeking damages for his injuries, alleging a common-law negligence cause of action as well as claims pursuant to Labor Law §§ 200, 240 (1) and § 241 (6). Defendant moved for summary judgment dismissing

the complaint. Supreme Court granted the motion in its entirety, and plaintiff appeals.[1]

The extension ladder that plaintiff was using when he fell had been provided by defendant. Neither plaintiff nor his coworkers could recall whether he had erected the ladder. No one was holding the base of plaintiff's ladder at the time of the fall. He had been on the ladder for approximately 15 minutes and was nailing a piece of siding into place when he and the ladder fell to the ground. Plaintiff testified that he landed on top of the ladder with his foot still on the rung. While he did not know how the accident happened, he did not believe that the extension ladder retracted as it fell. The only witness to the accident testified that, as the ladder fell, its base slid directly away from the wall, its upper tips slid downward along the wall, and the extended ladder appeared to retract, at least in part. A coworker who saw plaintiff and the ladder on the ground immediately afterward testified that it had begun to rain and that he believed the ladder fell because its base slid out of place on the wet and slippery ground. Another coworker who arrived at the scene shortly after the accident said that the ground was wet and icy and that he saw skid marks on the ground where the ladder's feet had "kicked out," as well as marks left on the wall by the ladder's tips sliding downward. Defendant testified that plaintiff told her after the accident occurred that he had put the ladder up. Neither the coworkers nor defendant noticed whether the ladder had retracted.

Labor Law § 240 (1) obliges owners and contractors "to construct, place and operate elevation-related safety devices to provide workers with proper protection from risks inherent in elevation-related work sites" (*Dowling v McCloskey Community Servs. Corp.*, 45 AD3d 1232, 1233 [2007]; *see Ball v Cascade Tissue Group-N.Y., Inc.*, 36 AD3d 1187, 1188 [2007]). This statutory duty is nondelegable (*see Sanatass v Consolidated Inv. Co., Inc.*, 10 NY3d 333, 339 [2008]), but a defendant may establish its entitlement to summary judgment by showing that no statutory violation has occurred and that the sole proximate cause of an accident was the plaintiff's own actions (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 n 8 [2003]).

It is undisputed that the ladder on which plaintiff was working slipped, collapsed, or both and, thus, that it failed to provide

---

1. Plaintiff's brief does not address Supreme Court's dismissal of his common-law negligence claim or his claim pursuant to Labor Law § 200; thus, we deem any claims with respect to these causes of action to be abandoned (*see Kirk v Outokumpu Am. Brass, Inc.*, 33 AD3d 1136, 1137 n [2006]).

plaintiff with the required protection (*see Squires v Marini Bldrs.*, 293 AD2d 808, 808-809 [2002], *lv denied* 99 NY2d 502 [2002]; *Beesimer v Albany Ave./Rte. 9 Realty*, 216 AD2d 853, 854 [1995]). Supreme Court found that the sole proximate cause of the accident was plaintiff's negligence in allegedly failing to secure hooks that would have kept the ladder from retracting. However, the evidence does not conclusively establish that plaintiff erected the ladder or, even if he did, that the accident necessarily occurred because the hooks were not secured. Plaintiff responded affirmatively when asked whether the ladder had "hooks that would hook onto the eyes . . . to extend it." While the presence of these hooks was thus established, there was no other evidence as to their nature and function. Plaintiff did not testify as to whether the hooks served to prevent the extended ladder from collapsing, whether they functioned automatically or had to be manually secured, or whether plaintiff had secured them or checked their security before climbing the ladder, nor was there any other evidence establishing these relevant facts. Plaintiff did not know whether the ladder's hooks became disengaged when it fell, and no other witness alleged that this occurred. Nor does the evidence clearly establish that the accident occurred because the ladder retracted. When the sole eyewitness was asked whether the ladder began to retract before or after the base began to slide, she was uncertain, providing differing versions of the events. Thus, it was not shown that the accident was caused by plaintiff's misuse of the ladder rather than by improper placement on slippery ground or another violation of defendant's statutory duty (*contrast Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d at 289-292).

Plaintiff further contends that Supreme Court should not have relied upon an affidavit of defendant's expert, an orthopedic surgeon, who opined that plaintiff suffered crush injuries to his foot that were consistent with being caught or pinched between two rungs of the collapsing ladder and were not consistent with a fall from a height. Plaintiff's claim that he was prejudiced by the affidavit's late submission is raised for the first time on appeal and is therefore not preserved for our review (*see Telaro v Telaro*, 25 NY2d 433, 438 [1969]; *Herron v Essex Ins. Co.*, 34 AD3d 913, 914 [2006], *lv dismissed* 8 NY3d 856 [2007]). Although his substantive objections to the affidavit's content were adequately preserved, we do not find that it was inappropriate for the court to consider the physician's opinion either on the ground that he was unqualified to offer an opinion as to causation (*see Falah v Stop & Shop Cos., Inc.*, 41 AD3d 638, 639 [2007]), or on the ground that the affidavit constituted

circumstantial evidence (*see Dillon v Rockaway Beach Hosp.*, 284 NY 176, 179 [1940]). However, the physician's opinion is insufficient to establish that plaintiff's actions, rather than defendant's failure to comply with her statutory obligations, caused his accident. Thus, defendant did not meet her burden of presenting admissible evidence establishing her entitlement to summary judgment dismissing plaintiff's claim under Labor Law § 240 (1) (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Plaintiff further challenges the dismissal of his claim under Labor Law § 241 (6). It is undisputed that no one was holding plaintiff's ladder at the base and that no mechanical devices were in use to hold it in place, and there are factual questions as to whether the accident occurred because the ladder slid or slipped out of place. Thus, plaintiff presents a viable claim as to the violation of 12 NYCRR 23-1.21 (b) (4) (iv). As to the claimed violation of 12 NYCRR 23-1.21 (d) (2), the proof established that the ladder on which plaintiff was injured was equipped with hooks, but was insufficient to establish that these hooks were, as required, "automatic positive acting locks" (12 NYCRR 23-1.21 [d] [2]). Defendant's contention that the accident was solely caused by plaintiff's failure to secure these hooks necessarily poses questions as to whether they were automatic and whether they were locked in place when the ladder was extended (*see* 12 NYCRR 23-1.21 [d] [2]).[2] Therefore, plaintiff's claim pursuant to Labor Law § 241 (6) should not have been summarily dismissed.

Cardona, P.J., Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted defendant's motion dismissing the Labor Law § 240 (1) cause of action and the Labor Law § 241 (6) cause of action to the extent that it alleges violations of 12 NYCRR 23-1.21 (b) (4) (iv) and (d) (2); motion denied to that extent; and, as so modified, affirmed.

**2.** Plaintiff does not challenge Supreme Court's determination that violations of 12 NYCRR 23-1.5 and 23-1.7 (d) and (f), alleged in the complaint, do not support his claim under Labor Law § 241 (6).