■ MICHAEL MOLLEY, Individually and as Administrator of the Estate of MARK MOLLEY, Deceased, Plaintiff, v MIRIAM AZIZ et al., Defendants and Third-Party Plaintiffs-Appellants. TOWN OF HEMPSTEAD et al., Third-Party Defendants-Respondents.—In an action to recover damages for wrongful death, the defendants and third-party plaintiffs appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Roncallo, J.), entered October 31, 1988, as, upon granting that branch of the motion of the third-party defendants which was for summary judgment dismissing the third-party complaint, is against them and in favor of the third-party defendants.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The plaintiff Michael Molley alleges that the death of his infant decedent was caused by the negligence of the defendants and third-party plaintiffs with respect to their maintenance of an unfenced and otherwise dangerous swimming pool upon their premises. The defendants and third-party plaintiffs commenced a third-party action against the Town of Hempstead, and against its employee, Frank DiNapoli, alleging that these third-party defendants had been negligent with respect to their inspection of the subject pool, and with respect to their failure to act upon complaints which had been received concerning the hazardous condition which the existence of the pool allegedly represented. The Supreme Court found no basis upon which to hold the third-party defendants liable, either to the defendants and third-party plaintiffs for contribution (see, CPLR art 14) or to the plaintiffs directly, and accordingly granted summary judgment. Only the defendants and third-party plaintiffs have appealed.

In general, a third-party complaint for contribution may be

asserted only when it is shown that the third-party defendant breached a duty of care owed to the plaintiff, and that the negligence of the third-party defendant caused or contributed to the injuries suffered by the plaintiff (see, Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp., 71 NY2d 599, 603; Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559, 568, n 5; cf., Garrett v Holiday Inns, 58 NY2d 253, 258-263). In the present case, the alleged negligence of the third-party defendants consists of their supposed failure properly to exercise the town's police powers. Accordingly, they owed no duty of care to the plaintiffs in the absence of a "special relationship". In order to demonstrate the existence of a special relationship, it was necessary to show, inter alia, that the plaintiff or his decedent had had " 'some form of direct contact' " with the Town of Hempstead, and that the plaintiff or his decedent had justifiably relied upon some " 'affirmative' " undertaking of the Town of Hempstead (Kircher v City of Jamestown, 74 NY2d 251, 257, quoting from Cuffy v City of New York, 69 NY2d 255, 260; Sorichetti v City of New York, 65 NY2d 461).

In response to the motion for summary judgment, no proof was offered with respect to either of these elements. Accordingly, there was no showing that any special relationship between the third-party defendants and the plaintiff had arisen, so that, as a matter of law, it must be concluded that no duty of care was owed by the former to the latter. Because the Town of Hempstead owed no duty of care to the plaintiff, the third-party complaint for contribution was properly dismissed. Mangano, J. P., Bracken, Kunzeman and Harwood, JJ., concur.