■ CHARLES J. ALBERT, JR., et al., Respondents, v WILLIAMS LUBRICANTS, INC., Respondent-Appellant, and NORTHGATE FORD, INC., Doing Business as COREY's NORTHGATE FORD MAZDA, Appellant. [828 NYS2d 593]—

Peters, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered August 12, 2005 in Broome County, which, inter alia, partially denied defendants' motions for summary judgment dismissing the complaint.

In December 1997, plaintiff Charles J. Albert, Jr. (hereinafter plaintiff) was injured when the ladder on which he was working slid down a wall in an automobile dealership owned by defendant Northgate Ford, Inc. At that time, plaintiff was employed by Midstate Fuel Storage Systems, which had been hired by defendant Williams Lubricants, Inc. to install lubrication equipment on Northgate's property.[1] On the day of the accident, plaintiff and his coworker had one extension ladder and two eight-foot sets of scaffolding which were provided by Midstate at the request of plaintiff's coworker. Plaintiff's job entailed running the pipe along the ceiling of one room through a hole in the wall to the adjoining room where it would be screwed into place. Plaintiff and his coworker began by working in the same room with one ladder and later decided to work on op-

---

1. Northgate and Williams previously entered into an exclusivity agreement pursuant to which Northgate was to purchase its motor oil exclusively from Williams in return for Williams providing and installing the lubrication equipment free of charge.

posite sides of the wall in order to run the pipe through the wall. Deciding that they needed two ladders, they took the extension ladder apart. Plaintiff used the extension portion of the ladder on his side of the wall which had rounded, capped fiberglass ends that could not rest flat on the ground. His coworker used the main portion of the ladder which was equipped with rubber "feet" to rest solidly on the ground. When plaintiff reached a height of approximately three rungs from the top, the bottom of his portion of the ladder slid out while the top of the ladder slid down the wall, causing his injuries.

Plaintiff and his wife, derivatively, commenced this action alleging violations of Labor Law §§ 200, 240 (1), § 241 (6) and common-law negligence. Northgate interposed a cross claim against Williams for common-law indemnification and, after discovery, Williams moved for summary judgment to dismiss both the complaint and the cross claim. Northgate also moved for summary judgment. Supreme Court dismissed plaintiffs' cause of action pursuant to Labor Law § 200 as well as Northgate's cross claim for indemnification against Williams. It did, however, deny defendants' motions for dismissal of plaintiffs' claims under Labor Law § 240 (1) and § 241 (6). Northgate and Williams appeal.

For liability to be found under Labor Law § 240, "the owner or contractor must breach the statutory duty . . . to provide a worker with adequate safety devices, and this breach must proximately cause the worker's injuries" (*Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554 [2006]). However, "[w]here a 'plaintiff's actions [are] the sole proximate cause of his [or her] injuries, . . . liability under Labor Law § 240 (1) [does] not attach' " (*id.*, quoting *Weininger v Hagedorn & Co.*, 91 NY2d 958, 960 [1998]; *see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290-292 [2003]). Such actions may include the failure to use or the misuse of an otherwise adequate safety device (*see Robinson v East Med. Ctr., LP, supra* at 554; *compare Morin v Machnick Bldrs.*, 4 AD3d 668, 669 [2004]).

In the verified bill of particulars, plaintiffs set forth the inadequacies of the ladder provided as well as a lack of scaffolding, which was later contradicted by plaintiff's own pretrial testimony. Despite plaintiff's later contentions that the use of the scaffolding was prevented by the obstructions in the room, the issue is irrelevant since there was no evidence that the ladder was otherwise defective or inadequate to perform the job such that another safety device was required (*see Blake v Neighborhood Hous. Servs. of N.Y. City, supra* at 283, 290).

Nor do we find merit to the contention that the provision of

only one ladder was a statutory violation and, therefore, a proximate cause of the accident. Clearly, plaintiff and his coworker were fully able to adequately perform the required work with the one ladder provided, even without scaffolding, as evidenced by their completion of the installation after plaintiff's fall. They remained on the same side of the wall with plaintiff holding the bottom of the reassembled ladder while the pipe was passed through the wall. Then, they both moved to the adjoining room to fasten the pipe. With no evidence that they were under a time constraint or were directed to work on opposite sides of the wall (see Robinson v East Med. Ctr., LP, supra at 555), this ability to safely complete the task with the equipment provided tempers plaintiff's contention that it was necessary for him to resort to the actions he took in carrying out his duties (see Olson v Pyramid Crossgates Co., 291 AD2d 706, 707-708 [2002]; see also Robinson v East Med. Ctr., LP, supra at 554; Montgomery v Federal Express Corp., 4 NY3d 805, 806 [2005]). For these reasons, no issue of fact supports the contention that the provision of only one ladder constituted a statutory violation.

Nor do we find that plaintiff's misuse of this ladder was comparative negligence which would not bar recovery under the Labor Law (see Morin v Machnick Bldrs., supra at 670-671). Despite plaintiff's statements in his affidavit and the verified bill of particulars that the floor was generally slippery, his pre-trial deposition testimony recounted that while there was antifreeze or oil on parts of the floor, he observed no antifreeze or oil on the floor near where his ladder was positioned. Moreover, plaintiff testified that during the time when the ladder was being used properly, slipping was not a problem. Hence, in finding that plaintiff was provided with an adequate safety device (compare Gilbert v Albany Med. Ctr., 9 AD3d 643, 644 [2004]), which he misused, and that his misuse was the sole proximate cause of his injuries, the claim alleging a violation of Labor Law § 240 (1) should have been dismissed. The claim alleging a violation of Labor Law § 241 (6) should also have been dismissed because, even if there were a violation of the Industrial Code, such violation was not the proximate cause of plaintiff's injuries (see Blake v Neighborhood Hous. Servs. of N.Y. City, supra at 287; Shields v General Elec. Co., 3 AD3d 715, 718 [2004]).[2]

Finally, we affirm Supreme Court's dismissal of Northgate's

---

2. To the extent that Supreme Court did not specifically address the dismissal of the common-law negligence claim, we dismiss such claim for the reasons supporting the dismissal of the Labor Law § 200 claim.

cross claim for common-law indemnification against Williams since there was no testimony or allegation that anyone from Williams was ever required to or actually did supervise, direct or control the installation of the equipment on Northgate's property (*compare Walls v Turner Constr. Co.*, 4 NY3d 861, 864 [2005]).

Crew III, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, with one bill of costs to defendants, by reversing so much thereof as partially denied defendants' motions for summary judgment; motions granted in their entirety and complaint dismissed; and, as so modified, affirmed.