NORMAN TORRES et al., Appellants, v MAZZONE ADMINISTRATIVE GROUP, INC., Respondent. [848 NYS2d 381]—

Carpinello, J.P. Appeal from an order of the Supreme Court

(Kramer, J.), entered November 2, 2006 in Schenectady County which, among other things, granted defendant's cross motion for summary judgment dismissing the complaint.

In March 2003, plaintiff Norman Torres (hereinafter plaintiff) was a maintenance worker at a catering facility. While in the course of performing work on existing sprinkler heads in the ceiling of a ballroom, the ladder on which he was working collapsed causing him injuries. Plaintiff thereafter collected workers' compensation benefits from the corporate entity which managed all facility employees and also (along with his wife, derivatively) pursued this Labor Law action against the corporate entity which owns the property. Following plaintiffs' motion for summary judgment on the issue of liability with respect to their Labor Law § 240 (1) claim and defendant's cross motion for summary judgment dismissing the complaint in its entirety, Supreme Court granted the cross motion prompting this appeal. We affirm.

The record reveals that the ladder on which plaintiff was working at the time of his accident was not the ladder supplied to him by his supervisor. Although plaintiff used the ladder provided to him to perform part of his work assignment without incident, he nevertheless chose to retrieve a smaller wooden ladder because it was easier to maneuver around the table and chairs in the ballroom. Under these circumstances, we find that plaintiff's conduct in opting to use a piece of equipment out of convenience, instead of the otherwise adequate safety device provided to him by his supervisor, was the sole proximate cause of his injuries and thus the complaint was properly dismissed in its entirety (see Robinson v East Med. Ctr., LP, 6 NY3d 550, 554 [2006]; Montgomery v Federal Express Corp., 4 NY3d 805, 806 [2005]; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290-292 [2003]; Albert v Williams Lubricants, Inc., 35 AD3d 1115, 1116-1117 [2006]; cf. Miro v Plaza Constr. Corp., 38 AD3d 454 [2007], mod 9 NY3d 948 [2007]; Danton v Van Valkenburg, 13 AD3d 931, 932 [2004]; Morin v Machnick Bldrs., 4 AD3d 668, 670 [2004]).

As a final matter, we note that the Labor Law § 241 (6) claim was properly dismissed because plaintiffs failed to allege defendant's violation of a specific regulatory standard (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505 [1993]; Fairchild v Servidone Constr. Corp., 288 AD2d 665, 667 [2001]; Gavigan v Bunkoff Gen. Contrs., 247 AD2d 750, 751 [1998], lv denied 92 NY2d 804 [1998]) and the Labor Law § 200 claim was likewise properly dismissed because defendant did not have control over the manner and methods of plaintiff's work (see

*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]).

Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.