■ DONALD ROBERTI, Respondent-Appellant, v ADVANCE AUTO PARTS et al., Appellants-Respondent. [— NYS2d —]—

Kane, J. Cross appeals from an order of the Supreme Court (Hummel, J.), entered December 21, 2007 in Greene County, which, among other things, partially denied defendants' motions for summary judgment dismissing the complaint.

Plaintiff was performing electrical work for a subcontractor of defendant RSM Construction Services at a store owned by defendant Advance Auto Parts. While standing on an A-frame

ladder and pulling wires through a drop ceiling, plaintiff felt the ladder start to "walk" out from under him. The ladder and plaintiff then fell to the floor. As a result of injuries sustained in the fall, plaintiff commenced this action.

Both RSM and Advance moved for summary judgment dismissing the complaint. Plaintiff cross-moved for summary judgment on the issue of liability. Supreme Court partially granted defendants' motions by dismissing plaintiff's claims alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6), but denied summary judgment on plaintiff's Labor Law § 240 (1) claim. The court also denied plaintiff's cross motion in its entirety. Defendants appeal from the partial denial of their motions and plaintiff cross-appeals from the partial grant of summary judgment to defendants.

Supreme Court properly granted defendants' motions for summary judgment dismissing the Labor Law § 200 claim. In support of their motions, defendants submitted portions of plaintiff's deposition transcript wherein he testified that the ladder was not defective and he did not recall any problems with the surface of the floor where he placed the ladder. Although plaintiff submitted an affidavit in response to the motion, he did not controvert or address his prior testimony. Defendants also submitted the affidavit of an expert engineer who found no defects after examining the floor and ladder. As plaintiff failed to raise a triable issue of fact concerning whether defendants provided a safe work site, the court properly dismissed his Labor Law § 200 claim.

Defendants were similarly entitled to summary judgment on plaintiff's Labor Law § 240 (1) claim. While the record does not reveal any defect in the ladder itself, the statute requires more than the provision of any safety device; "[d]efendants had the statutory obligation to provide a safety device *appropriate to the task*" (*Cohen v Memorial Sloan-Kettering Cancer Ctr.*, 50 AD3d 227, 230 [2008]). Defendants' expert engineer opined, after examining the scene of the incident as well as plaintiff's employer's ladders, that the subject ladder "was appropriate, safe and proper equipment" to perform the task at issue. Defendants also submitted an affidavit from plaintiff's supervisor—which was not contradicted by plaintiff's affidavit—attesting that plaintiff "reported his ladder fell as he had not set the side bars properly when he moved the ladder from one location to the next." Given the unrefuted expert opinion and plaintiff's admission that he did not use the ladder properly, Supreme Court should have granted defendants' motions in their entirety (*see Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554

[2006]; *Torres v Mazzone Admin. Group, Inc.*, 46 AD3d 1040, 1041 [2007], *lv denied* 10 NY3d 706 [2008]; *Albert v Williams Lubricants, Inc.*, 35 AD3d 1115, 1117 [2006]).

Spain, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the order is modified, on the law, with one bill of costs to defendants, by reversing so much thereof as partially denied defendants' motions for summary judgment; motions granted in their entirety and complaint dismissed; and, as so modified, affirmed.