■ TIMOTHY E. PETTICREW et al., Respondents-Appellants, v ST. LAWRENCE CEMENT, INC., et al., Appellants-Respondents. [870 NYS2d 556]—

Carpinello, J.

This negligence and Labor Law action stems from an accident that plaintiff Timothy E. Petticrew (hereinafter plaintiff) had in the course of his employment as a welder. On the day in question, plaintiff was working atop scaffolding inside a kiln owned by defendant St. Lawrence Cement, Inc. when he fell, fracturing his leg and ankle. Supreme Court (McNamara, J.) granted plaintiff and his wife, derivatively, summary judgment on their Labor Law § 240 (1) cause of action and the matter proceeded to a trial on damages. Because we conclude that Supreme Court erred in granting plaintiffs summary judgment in the first instance, we modify that order and reach no other issue.

To recover under Labor Law § 240 (1), a worker must demonstrate that an owner or contractor has breached the statutory duty to provide elevation-related safety devices and that such failure was the proximate cause of the worker's injuries (*see e.g. Ball v Cascade Tissue Group-N.Y., Inc.*, 36 AD3d 1187, 1188 [2007]; *Albert v Williams Lubricants, Inc.*, 35 AD3d 1115, 1116 [2006]; *Gilbert v Albany Med. Ctr.*, 9 AD3d 643, 644 [2004]). Here, plaintiffs allege that the scaffolding failed and that St. Lawrence neglected to provide a proper tie off point to which

plaintiff could attach his safety harness and lanyard. Assuming that plaintiffs demonstrated a prima facie entitlement to summary judgment on this claim, "[w]hen the defendant presents some evidence that the device furnished was adequate and properly placed and that the conduct of the [worker] may be the sole proximate cause of his or her injuries, partial summary judgment on the issue of liability will be denied because factual issues exist" (*Ball v Cascade Tissue Group-N.Y., Inc.*, 36 AD3d at 1188; *see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]; *Torres v Mazzone Admin. Group, Inc.*, 46 AD3d 1040, 1041 [2007], *lv denied* 10 NY3d 706 [2008]). We find that St. Lawrence has raised triable issues of fact precluding summary judgment on the Labor Law § 240 (1) claim.

The kiln in which plaintiff was working was a cylinder, 17 feet in diameter, and a "spider" had been erected on the inside so as to maintain the kiln's structural integrity during repair work. A spider is composed of steel beams arranged in the form of an asterisk and welded to the inside of the kiln at eight equidistant points, described by the parties with reference to positions on the face of a clock. The beams are also welded at the centerpoint and reinforced by a metal plate. At the time of his injury, plaintiff was in the process of dismantling the entire spider, which required him to stand on an eight- to nine-foot high scaffolding to permit him to cut each beam with a torch. He removed each beam in pieces, beginning at the ceiling and moving towards the center plate. Plaintiff testified at his deposition that, prior to beginning his work, he tied off his harness and lanyard to a pad eye* that was affixed to the 12 o'clock beam, about a foot down from the kiln wall. According to him, he first removed the beams located at the 1 o'clock and 3 o'clock positions and then proceeded to cut the weld that attached the 12 o'clock beam to the kiln wall, a mere foot from the pad eye securing his lanyard. He further testified that he then began to remove the 11 o'clock beam and, as soon as he cut the weld that attached that beam to the kiln wall, the welds attaching the remaining beams failed and the spider collapsed, pulling him off the scaffolding to the floor of the kiln.

The only witness to the accident, plaintiff's coworker Edward Ulmer, related a drastically different version of events. Ulmer testified at his deposition that, just prior to the accident, *all* of the beams of the spider had been removed except those in the 11 o'clock and 9 o'clock positions. According to Ulmer, as plaintiff cut the weld in the 11 o'clock position, the remains of

---

* A pad eye, made from a piece of iron or steel with a hole cut in the middle, is welded to a metal surface for use as a tie off point for a safety harness.

the spider fell on top of plaintiff, knocking both he and the scaffolding to the ground and pinning plaintiff to the floor of the kiln. Ulmer testified further that he then had to lift the spider off plaintiff and that, upon removing plaintiff's harness and lanyard, he discovered that the lanyard was not even attached.

Given these discordant versions of events, there is an issue of fact as to whether the scaffolding collapsed or otherwise failed to support plaintiff in violation of Labor Law § 240 (1). Under plaintiff's own version of events, no failure of the scaffolding occurred; rather, he was pulled *from* it by the falling spider to which his lanyard was allegedly attached. Even under Ulmer's version, according to which the spider collapsed onto plaintiff and the scaffolding, causing them to likewise collapse, a question of fact remains as to whether the scaffolding should have been expected to withstand such weight (*see* Labor Law § 240 [3]).

Next, while it is undisputed that plaintiff was wearing a safety harness with a lanyard at the time of the accident, a question of fact has been raised concerning whether a proper tie off point for the lanyard was provided. St. Lawrence's senior maintenance supervisor testified that, because welders change work areas frequently, they weld their own pad eyes to tie themselves off. Similarly, its maintenance manager and human resource safety representative testified that the welders working on the inside of a kiln are themselves responsible for attaching pad eyes as needed. Plaintiff himself did not dispute this point. Indeed, according to him, he could have made a pad eye from scrap material and could have attached it to the kiln wall free from the spider, but instead elected not to do so because a pad eye was already available on the spider itself. Notwithstanding, plaintiff submitted an expert affidavit that opined that it was St. Lawrence's duty to provide a proper fall protection system, such as a suspended steel cable or proper tie off points independent of the structure being removed. Thus, we find a question of fact as to whether St. Lawrence breached its duty pursuant to Labor Law § 240 (1). Resolution of the foregoing disputed issue also raises an additional question of fact, namely, whether plaintiff's decision to tie off his lanyard to the spider itself, rather than affixing a pad eye to the kiln wall, was the sole proximate cause of his accident (*see Robinson v East Med. Ctr., LP*, 6 NY3d 550, 555 [2006]; *Montgomery v Federal Express Corp.*, 4 NY3d 805, 806 [2005]; *Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39-40 [2004]; *Torres v Mazzone Admin. Group, Inc.*, 46 AD3d at 1041; *Albert v Williams Lubricants, Inc.*, 35 AD3d at 1117).

The parties' remaining arguments are rendered academic by our determination.

Mercure, J.P., Rose, Kane and Malone Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiffs' motion for partial summary judgment; said motion denied; and, as so modified, affirmed. Ordered that the judgment is reversed, on the law, without costs.