■ DALLAS M. GROVE, Appellant, v CORNELL UNIVERSITY et al., Respondents. [904 NYS2d 559]—

Spain, J.P. Appeal from an order of the Supreme Court (Mulvey, J.), entered September 28, 2009 in Tompkins County, which, among other things, denied plaintiff's motion for partial summary judgment.

Defendant Cornell University hired defendant Skanska USA Building, Inc. as the general contractor to construct a building on its campus. Skanska subcontracted the window work to Clayton B. Obersheimer, Inc., which employed plaintiff as a glazier. Plaintiff and a coworker, William Sobel, were performing work installing rubber membranes and metal flashing on the second story windows of the building. To reach the windows, plaintiff and Sobel utilized a mechanical telescoping boom lift, as they had done previously. Attached to the boom lift was a metal basket in which plaintiff, Sobel, their tools and materials were situated. Three of the four sides of the basket were enclosed by permanent metal rails. The fourth side was enclosed by a metal gate that opened into the basket to allow for ingress and egress of the workers. The gate was designed with a spring-loaded hinge so as to automatically swing the gate to a closed position when not in use. Plaintiff and Sobel were also provided with safety harnesses and lanyards that were to be attached to the basket to prevent them from falling out of the basket while it was in the raised position. Following a work break and the retrieval of additional materials, plaintiff and Sobel reentered the lift basket and plaintiff began operating the lift, raising it to the second floor. Sobel noticed that plaintiff had not attached the lanyard on his harness to the basket and reminded him to do so. Sobel then began work on a window and, within moments, turned around and saw that plaintiff was gone and the gate was in the open position. Plaintiff fell at least 30 feet, landed on a narrow slab of concrete below and suffered significant injuries.

Plaintiff commenced this action based upon negligence and Labor Law violations and then moved for partial summary judgment on the issue of liability with regard to his Labor Law § 240 (1) claim. Defendants opposed plaintiff's motion and cross-

moved for, as relevant here, summary judgment dismissing plaintiff's Labor Law § 240 (1) claim. Supreme Court granted defendant's cross motion for summary judgment on the Labor Law § 240 (1) cause of action and denied plaintiff's motion for partial summary judgment. Plaintiff now appeals.

To establish liability on a Labor Law § 240 (1) cause of action, plaintiff was required to show that the statute was violated and that the violation was a proximate or contributing cause of his injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]; *Pearl v Sam Greco Constr., Inc.*, 31 AD3d 996, 997 [2006], *lv denied* 11 NY3d 710 [2008]). Here, it is clear from the record that plaintiff was wearing his safety harness and lanyard at the time of the accident but failed to secure the lanyard to the basket. It is also undisputed that while a spring-loaded hinge on the basket was not working automatically, the gate was still manually operable in that it still could and should have been closed and locked by hand. As such, the evidence established that the gate and lanyard were available, adequate and operable safety devices, and that if plaintiff had either attached his lanyard as required or closed and latched the gate manually, the provided safety devices would have prevented him from falling out of the basket. Contrary to the position adopted by the dissent, the fact that the spring-loaded *hinge* was not operating properly did not render the *gate* defective. Moreover, as there was no evidence that the lanyard was anything other than an adequate, available and operable safety device that would have prevented any fall by plaintiff, it ultimately is irrelevant whether the gate was functioning automatically, as defendant was not required to furnish an additional, redundant safety device (*see Albert v Williams Lubricants, Inc.*, 35 AD3d 1115, 1116 [2006]). Thus, having failed to establish a statutory violation in the first instance, plaintiff's motion for partial summary judgment on this cause of action was properly denied (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d at 289 n 8). Moreover, as plaintiff's own negligent conduct was, as a matter of law, the sole proximate cause of his injuries, defendants were entitled to summary judgment dismissing plaintiff's Labor Law § 240 (1) claim (*see Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554 [2006]; *Roberti v Advance Auto Parts*, 55 AD3d 1022, 1023-1024 [2008]; *Albert v Williams Lubricants, Inc.*, 35 AD3d at 1117).

Rose and Egan Jr., JJ., concur.

Lahtinen, J. (dissenting). Since we believe that the record contains factual issues regarding the Labor Law § 240 (1) cause of action, we respectfully dissent. The proof is viewed at this

procedural point in the light most favorable to the party opposing summary judgment (*see Kropp v Corning, Inc.*, 69 AD3d 1211, 1212 [2010]). Plaintiff was working at a height exceeding 30 feet in a basket affixed to a boom lift. It is undisputed that the gate on the basket was not functioning properly and did not close as designed. Plaintiff testified at his deposition that he was familiar with the self-closing safety feature of the gate having used baskets so equipped previously, and that he was unaware of the gate's defective condition before his accident. Plaintiff was located immediately adjacent to the broken gate and, while working, he fell out of that gate. A jury could determine that this safety device was defective, plaintiff was not aware of the defect and he fell through the opening created by the defect.

Plaintiff was also supplied with a harness and lanyard that he conceded was either not attached or improperly attached at the time he fell. Neglecting to use an available safety device can result in dismissal when a defendant proves that a worker's "own conduct, rather than any violation of Labor Law § 240 (1), was the *sole* proximate cause of [the worker's] accident" (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 40 [2004] [emphasis added]). Indeed, a "defendant may be granted summary judgment if the record establishes conclusively that no Labor Law § 240 (1) violation was shown to have been a proximate cause of the accident and that the accident was therefore caused *solely* by [the] plaintiff's conduct" (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 n 8 [2003] [emphasis added]). A plaintiff, however, can defeat summary judgment by showing that a " 'violation [of section 240 (1)] was a contributing cause of his [or her] fall' " (*id.* at 289, quoting *Duda v Rouse Constr. Corp.*, 32 NY2d 405, 410 [1973]).

Here, there is sufficient evidence in the record from which a jury could find that the failure to provide an adequate safety device, to wit, a basket with a properly operating, self-closing gate, in violation of Labor Law § 240 (1), was a contributing cause to plaintiff's fall. Moreover, defendants have not shown conclusively that the defective gate on the basket was not a proximate cause of this accident, nor have defendants established that plaintiff's conduct was the sole proximate cause of the accident (*cf. Torres v Monroe Coll.*, 12 AD3d 261, 262 [2004]). A jury should make those determinations (*see Cammon v City of New York*, 21 AD3d 196, 200 [2005]). While plaintiff was properly denied summary judgment on this record (*see Tronolone v Praxair, Inc.*, 22 AD3d 1031, 1033 [2005]), we are not persuaded that defendants established that they were entitled to summary

dismissal. Accordingly, we would modify Supreme Court's order by reversing so much thereof as granted defendants' cross motion for summary judgment dismissing plaintiff's Labor Law § 240 (1) cause of action.

Garry, J., concurs. Ordered that the order is affirmed, with costs.