■ JAMES MICHAEL MALONEY, Appellant, v J.W. PFEIL & COMPANY, INC., et al., Respondents. [924 NYS2d 586]—

Kavanagh, J. Appeal from an order of the Supreme Court (Hummel, J.), entered September 15, 2010 in Rensselaer County, which, among other things, granted defendants' cross motion for summary judgment dismissing the complaint.

On October 8, 2007, plaintiff was employed by a subcontractor hired to participate in the renovation of a building owned by defendant Troy Living, LLC in the City of Troy, Rensselaer County. That day, plaintiff, while standing on the top cap of a six-foot ladder installing sheetrock on an overhead soffit, fell and was injured. Plaintiff thereafter commenced this action, alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6), claiming, among other things, that he was not provided an adequate safety device to perform work at an elevated height. Following joinder of issue and discovery, plaintiff moved for partial summary judgment on his Labor Law § 240 (1) cause of action and defendants cross-moved for summary judgment dismissing the complaint. Supreme Court denied plaintiff's motion and

granted defendants' cross motion, concluding that plaintiff's failure to utilize an available safety device was the sole proximate cause of his accident. Plaintiff appeals and we now affirm.

Contrary to plaintiff's argument, Supreme Court correctly dismissed his Labor Law § 240 (1) cause of action. Significantly, liability under that statute "requires [the] plaintiff to demonstrate that [the] defendants violated that statute and that the statutory breach proximately caused [the] plaintiff's accident" (*Weinberg v Alpine Improvements, LLC*, 48 AD3d 915, 916 [2008]). Here, depositions from plaintiff's supervisor and coworker established that numerous safety devices appropriate for the work that plaintiff was performing at the time of his accident, such as eight-foot ladders, baker's scaffolds, "stilts" and mechanical lifts, were available at the job site in the building.[1] In his deposition testimony, plaintiff admitted knowing that there were other safety devices in other locations in the building better suited for the type of work he was about to perform and that he had routinely used these devices while working on this project. He acknowledged that a baker's scaffold was in his immediate work area and, at the time of his fall, was being used by an associate working with him. Plaintiff also acknowledged that the stepladder he was using at the time of his fall, while not defective, was not tall enough for the work he was performing, and he admitted knowing that it contained a written warning never to stand on the top cap of the ladder when using it. Given this proof, we find that defendants made a prima facie showing that Labor Law § 240 (1) was not violated (*see id.* at 917; *see also Jock v Landmark Healthcare Facilities, LLC*, 62 AD3d 1070, 1071 [2009]), shifting the burden to plaintiff to raise a triable issue of fact as to this claim.

Plaintiff testified that he tried to find a more appropriate safety device near where he was working and that none was available. However, he admitted that he confined his efforts in that regard to the second floor of the building and did not look in other areas of the work site for a device that would be more

---

**1.** A representative of plaintiff's employer testified that four baker's scaffolds were actually on the second floor of the job site where plaintiff was working at the time of his accident. He estimated that there were at least 15 ladders at the job site, four of which were eight feet in length. The representative also testified that other contractors on the job site had numerous eight-foot ladders, as well as at least three baker's scaffolds and two mechanical lifts, which, according to the representative, were not being used at the time of plaintiff's accident. In addition, the representative testified that it was the practice at the job site for employees of the different contractors to routinely use this safety equipment.

suitable for his work (*see Robinson v East Med. Ctr., LP*, 6 NY3d 550, 555 [2006]; *Torres v Mazzone Admin. Group, Inc.*, 46 AD3d 1040, 1041 [2007], *lv denied* 10 NY3d 706 [2008]). In addition, plaintiff acknowledged that he chose the six-foot ladder not because he was ordered to do so or because he was under some time constraint within which he had to complete the job, but because, in his own words, "it was the quickest thing to grab." Under the circumstances, defendants have established that adequate safety devices were readily available on the job site and that plaintiff's decisions "to use a six-foot ladder that he knew was too short for the work to be accomplished and then standing on the ladder's top cap in order to reach the work—were, as a matter of law, the sole proximate cause" of his injuries (*Robinson v East Med. Ctr., LP*, 6 NY3d at 555; *see Torres v Mazzone Admin. Group, Inc.*, 46 AD3d at 1041).

Plaintiff's Labor Law § 200 and common-law negligence claims were also properly dismissed because defendants established that they did not exercise supervisory control over plaintiff's work, nor did they create or have notice, either actual or constructive, of any dangerous condition that contributed to the cause of this accident (*see Weinberg v Alpine Improvements, LLC*, 48 AD3d at 918; *Torres v Mazzone Admin. Group, Inc.*, 46 AD3d at 1041; *Biance v Columbia Washington Ventures, LLC*, 12 AD3d 926, 927 [2004]). As for the Labor Law § 241 (6) claim, plaintiff was required to allege a violation of a specific regulatory standard (*see Weinberg v Alpine Improvements*, LLC, 48 AD3d at 917-918; *Torres v Mazzone Admin. Group, Inc.*, 46 AD3d at 1041). While plaintiff alleges that 12 NYCRR 23-1.21 (e) (2) and (3) were violated, the record is devoid of any proof or facts that support his contentions in that regard.[2] Plaintiff's remaining arguments have been examined and found to be lacking in merit.

Mercure, J.P., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, with costs.

---

**2.** 12 NYCRR 23-1.21 (e) (2) states that "bracing as may be necessary for rigidity shall be provided for every stepladder. When in use every stepladder shall be opened to its full position and the spreader shall be locked." Additionally, 12 NYCRR 23-1.21 (e) (3) states that "[s]tanding stepladders shall be used only on firm, level footings. When work is being performed from a step of a stepladder 10 feet or more above the footing, such stepladder shall be steadied by a person stationed at the foot of the stepladder or such stepladder shall be secured against sway by mechanical means."