*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 4, 2014                 518149
_____

MICHAEL NALEPA,
                    Appellant,

        v
                                        MEMORANDUM AND ORDER

SOUTH HILL BUSINESS CAMPUS,
    LLC,
                    Respondent.
_____

Calendar Date:   October 9, 2014

Before:  Stein, J.P., Garry, Rose, Lynch and Devine, JJ.

_____

        Hinman, Howard & Kattell, LLP, Binghamton (Paul T. Sheppard of counsel), for appellant.

        Santacrose & Frary, Albany (Patrick D. Slade of counsel), for respondent.

_____

Stein, J.P.

        Appeal from an order of the Supreme Court (Lebous, J.), entered March 15, 2013 in Broome County, which, among other things, granted defendant's cross motion for summary judgment dismissing the complaint.

        Plaintiff was a pipe fitter whose employer was hired to install pipes in a bathroom in a building owned by defendant. Plaintiff was working in the bathroom on the ground level of the building while his coworker was in the ceiling locating water lines.  Upon his coworker's request for his assistance, plaintiff ascended a 10-foot wooden, folding A-frame ladder that he found leaning against the bathroom wall.  After plaintiff climbed approximately five feet from the ground, the bottom of the ladder

slipped away from the wall, causing plaintiff to fall to the ground. As a result of the injuries he sustained, plaintiff commenced this action, asserting common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6). Following the completion of discovery, plaintiff moved for, among other things, partial summary judgment on his Labor Law §§ 240 (1) and 241 (6) claims. Defendant cross-moved for summary judgment dismissing the complaint arguing, among other things, that plaintiff's own negligence was the sole proximate cause of the accident. Supreme Court granted defendant's motion and dismissed the complaint, prompting this appeal by plaintiff.

We affirm. In order to hold a property owner liable under Labor Law § 240 (1), "the owner . . . must breach the statutory duty [there]under . . . to provide a worker with adequate safety devices, and this breach must proximately cause the worker's injuries. These prerequisites do not exist if adequate safety devices are available at the job site, but the worker either does not use or misuses them" (Robinson v East Med. Ctr., LP, 6 NY3d 550, 554 [2006]). Where a "plaintiff's actions [are] the sole proximate cause of his [or her] injuries, . . . liability under Labor Law § 240 (1) [does] not attach" (Robinson v East Med. Ctr., LP, 6 NY3d at 554 [internal quotation marks and citation omitted]; accord Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290 [2003]; Albert v Williams Lubricants, Inc., 35 AD3d 1115, 1116 [2006]; see Gallagher v New York Post, 14 NY3d 83, 88 [2010]).

Our review of the record here supports Supreme Court's conclusion that defendant met its burden of establishing as a matter of law that plaintiff's negligence was the sole proximate cause of the accident. In support of its motion, defendant proffered, among other things, plaintiff's deposition testimony, as well as the expert report of a professional engineer, Ernest Gailor. Gailor averred that the ladder appeared to be in good working order, was in a safe, useable condition and was an adequate safety device for the elevation-related work that plaintiff was performing. Gailor explained that an A-frame ladder is not designed to be used while it is in a closed position and leaning against a wall. Gailor also referred to plaintiff's deposition testimony, in which plaintiff acknowledged

that there was no reason he could not have opened the ladder, and his awareness that using the subject ladder in the manner in which he did was contrary to his safety training. Gailor opined that, even though the ladder did not have rubber feet and there may have been dust or debris on the floor, the accident would not have occurred if the ladder had been used properly in an opened and locked position. Ultimately, Gailor concluded that the sole cause of the accident was plaintiff's misuse of the ladder. Considering this evidence, defendant met its threshold burden of establishing that plaintiff's misuse of the otherwise adequate safety device was the sole proximate cause of his injuries (see Albert v Williams Lubricants, Inc., 35 AD3d at 1117), shifting the burden to plaintiff to establish the existence of a triable issue of fact (see Maloney v J.W. Pfeil & Co., Inc., 84 AD3d 1632, 1633 [2011]).

In response, plaintiff proffered evidence that the ladder in question belonged to defendant and had been left by one of defendant's employees leaning against the bathroom wall below the ceiling area that he was attempting to access, and that the ladder slipped out away from the wall as plaintiff was ascending it. Additionally, plaintiff's expert, Robert Pringle, opined that the ladder was defective because it lacked non-skid feet and was "in a generally poor structural condition." In our view, this evidence failed to rebut defendant's showing that plaintiff's improper use of the ladder was the sole proximate cause of his accident. Specifically, Pringle's inconclusive opinion that he was "uncertain" whether the accident would have been prevented if the ladder had been opened before plaintiff used it is insufficient to contradict Gailor's opinion to the contrary and to defeat summary judgment (see Ramos v Howard Indus., Inc., 10 NY3d 218, 224 [2008]).

We are also unpersuaded by plaintiff's claim that defendant is at least partially at fault for having provided the ladder for plaintiff's use by improperly placing it where plaintiff found it, as the record is bereft of any evidence that defendant deliberately placed the ladder in that location, leaning against the wall, for use in that position by plaintiff or other workers (compare Przyborowski v A&M Cook, LLC, 120 AD3d 651, 653 [2014]). There is no proof that defendant directed plaintiff to use the

ladder, nor can defendant be charged with the knowledge that plaintiff – who was performing work on ground level – was going to use it.[1]  Rather, even when we view the evidence in the light most favorable to plaintiff, the record establishes, at best, that the ladder had been left propped up against the wall after it had been previously used by one of defendant's employees.  Indeed, plaintiff acknowledged that there were other ladders on the job site belonging to his employer that were available for his use.

Thus, we find that Supreme Court correctly determined that plaintiff failed to raise a triable question of fact as to whether plaintiff's negligent misuse of the ladder was the sole proximate cause of the accident, requiring dismissal of plaintiff's Labor Law § 240 (1) claim (see Robinson v East Med. Ctr., LP, 6 NY3d at 554; Maloney v J.W. Pfeil & Co., Inc., 84 AD3d at 1633; Albert v Williams Lubricants, Inc., 35 AD3d at 1117).  As defendant concedes, this finding is also dispositive of plaintiff's common-law negligence and Labor Law §§ 200 and 241 (6) claims (see Kerrigan v TDX Constr. Corp., 108 AD3d 468, 471 [2013], lv denied 22 NY3d 862 [2014]; Albert v Williams Lubricants, Inc., 35 AD3d at 1117; Capellan v King Wire Co., 19 AD3d 530, 532 [2005]; see generally PJI 2:216, 2:216A).

Garry, Rose, Lynch and Devine, JJ., concur.

---

[1]  While the record includes testimony indicating that a similar ladder had previously been used by defendant's employees, there is no evidence with regard to the manner in which it was used (i.e., whether it was used while it was opened or whether it was used while leaning against the wall).

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court