■ FERNANDO ESPINAL LOPEZ et al., Respondents, v LA FONDA BORICUA, INC., et al., Defendants, and MAYGINA REALTY LLC, Appellant. [26 NYS3d 267]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered September 8, 2014, which, insofar as appealed from as limited by the brief, denied defendant Maygina Realty LLC's motion for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) and lost earnings claims as against it, unanimously modified, on the law, to grant the motion as to the § 241 (6) claims, and otherwise affirmed, without costs.

Defendant failed to establish prima facie, with respect to the Labor Law § 240 (1) claim, that the injured plaintiff was not an "employee" but a "volunteer" within the meaning of the Labor Law, notwithstanding that his employer may have agreed to perform the work at the restaurant gratuitously (*see Daniello v Holy Name Church*, 286 AD2d 268, 269 [1st Dept 2001]; *see generally Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970 [1979]). Nor did defendant establish that plaintiff was merely cleaning, rather than performing renovation work within the meaning of the Labor Law, or that he was the sole proximate cause of the accident because of the alleged misuse of the ladder (*compare Maloney v J.W. Pfeil & Co., Inc.*, 84 AD3d 1632, 1633 [3d Dept 2011]).

The Labor Law § 241 (6) claim should be dismissed. Three of the provisions upon which plaintiffs rely, relating to ladder

maintenance, are inapplicable to the facts of this case (*see* Industrial Code [12 NYCRR] § 23-1.21 [b] [1], [3] [ii]; [b] [8]), since there is no evidence that the ladder was incapable of supporting four times the maximum load, and the injured plaintiff testified that the ladder he used had locking braces, which he claimed he properly opened every time he set up the ladder. The remaining provision (12 NYCRR 23-1.21 [e] [2]) is not sufficiently specific to support a Labor Law § 241 (6) claim (*see Croussett v Chen*, 102 AD3d 448 [1st Dept 2013]; *Spenard v Gregware Gen. Contr.*, 248 AD2d 868, 871 [3d Dept 1998]).

As to the lost earnings claim, defendant failed to submit documentary evidence that the injured plaintiff had no income before the accident (*see Dmytryszyn v Herschman*, 98 AD3d 715, 716 [2d Dept 2012]; *Deans v Jamaica Hosp. Med. Ctr.*, 64 AD3d 742, 744 [2d Dept 2009]). Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ.