■ DALLAS M. GROVE, Respondent, v CORNELL UNIVERSITY et al., Respondents-Appellants, and SKYWORKS EQUIPMENT LEASING, LLC, et al., Appellants-Respondents. [54 NYS3d 260]—

Appeals and cross appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered August 2, 2016. The order, among other things, denied the motion of defendants Skyworks Equipment Leasing, LLC and Skyworks, LLC for summary judgment dismissing the complaint and cross claims against them, and granted the motion of defendant JLG Industries, Inc. for leave to file cross claims against all defendants.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motion of defendants Skyworks Equipment Leasing, LLC and Skyworks, LLC, dismissing the complaint and cross claims against them and denying that part of the motion of defendant JLG Industries, Inc. seeking leave to file a cross claim for contribution against those defendants, and as modified the order is affirmed without costs.

Memorandum: Plaintiff was injured when he fell from an elevated boom lift that he was using to install windows in a building under construction at defendant Cornell University (Cornell). At the time of the accident, plaintiff was employed as a glazier by a subcontractor hired by defendant Skanska USA Building, Inc. (Skanska), the general contractor on the construction project. The elevated boom lift was designed and manufactured by defendant JLG Industries, Inc. (JLG) and leased to plaintiff's employer by defendants Skyworks Equipment Leasing, LLC, and Skyworks, LLC (collectively, Skyworks defendants).

Plaintiff originally commenced an action in Supreme Court, Tompkins County (Mulvey, J.), against only Cornell and Skanska, alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6). That court denied plaintiff's motion for partial summary judgment on Labor Law § 240 (1) liability and granted the cross motion of Cornell and Skanska seeking summary judgment dismissing that claim. On appeal, the Third Department affirmed the order (*Grove v Cornell Univ.*, 75 AD3d 718 [2010]), but the Court of Appeals thereafter modified the Third Department's order by denying the cross motion and reinstating the Labor Law § 240 (1) claim (*Grove v Cornell Univ.*, 17 NY3d 875 [2011]). While the appeal to the Court of Appeals was pending, plaintiff, Cornell and Skanska stipulated to dismiss the remaining claims on the merits.

In addition, while the appeal to the Third Department was pending, plaintiff commenced an action in Supreme Court, Erie County, against the Skyworks defendants, JLG and another defendant that is no longer a party. In that action, plaintiff alleged that his injuries were the result of the defective condition of the boom lift. Plaintiff alleged causes of action for negligence and defective manufacture and design against JLG and negligence in the maintenance, repair, servicing and/or inspection of the boom lift against the Skyworks defendants. After the Court of Appeals reinstated the Labor Law § 240 (1) claim against Cornell and Skanska, the Tompkins County and Erie County actions were consolidated into a single action in Supreme Court, Erie County. In their amended answer following consolidation, Cornell and Skanska asserted cross claims for indemnification against the Skyworks defendants and JLG. JLG did not assert any cross claims in its answer.

JLG moved for summary judgment dismissing the complaint and cross claims against it, Cornell and Skanska cross-moved for summary judgment seeking a conditional order of indemnification against JLG, the Skyworks defendants moved for summary judgment dismissing the complaint and cross claims against them, and JLG moved separately for leave to assert cross claims for contribution against the other defendants. By the order on appeal, Supreme Court (Michalski, A.J.) granted JLG's motion for leave to file cross claims for contribution and otherwise denied the motions and the cross motion.

Turning first to the appeal of the Skyworks defendants, we conclude that the court erred in denying their motion seeking summary judgment dismissing the complaint and the cross claims of Cornell and Skanska against them, and in granting that part of JLG's motion seeking leave to assert a cross claim against the Skyworks defendants for contribution. The Skyworks defendants established as a matter of law that they did not owe plaintiff a duty of care based upon their obligations under the contract with plaintiff's employer. As a general rule, a contractual obligation, standing alone, does not give rise to tort liability in favor of a third party (*see Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d 253, 257 [2007]; *Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220, 226 [1990]), and the Skyworks defendants presented evidence demonstrating that none of the exceptions to that general rule applied here (*see generally Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). In response, plaintiff failed to raise a triable issue of fact. Further, there is no basis for JLG's cross claim for contribution against the Skyworks defendants

inasmuch as they owed no duty to plaintiff that would trigger any liability for contribution (*see Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d 21, 27-28 [1987]; *Molley v Aziz*, 154 AD2d 578, 578-579 [1989]), nor did they owe any duty directly to JLG that would support such liability (*see Raquet v Braun*, 90 NY2d 177, 182 [1997]; *cf. Sommer v Federal Signal Corp.*, 79 NY2d 540, 559 [1992]). In addition, with respect to the cross claim of Cornell and Skanska seeking common-law indemnification against the Skyworks defendants, there is no duty owed by the Skyworks defendants to them and thus "the key element of a common-law cause of action for indemnification" is lacking (*Raquet*, 90 NY2d at 183). We therefore modify the order by granting the motion of the Skyworks defendants and denying that part of JLG's motion seeking leave to assert a cross claim for contribution against them.

With respect to the cross appeal of Cornell and Skanska, we conclude that the court properly denied their cross motion for summary judgment seeking a conditional order of indemnification against JLG. We agree with JLG that the stipulation between plaintiff, Cornell and Skanska dismissing the common-law negligence cause of action and Labor Law §§ 200 and 241 (6) claims in the original action does not resolve the issue whether Cornell and Skanska were actively negligent in favor of those defendants and against JLG, inasmuch as JLG was not a party to the stipulation (*see Matter of Gregory v Gregory*, 109 AD3d 616, 617 [2013]). We agree with Cornell and Skanska, however, that the record establishes as a matter of law that neither of them was actively negligent or had the type of supervision and control over the injury-producing work that would subject them to liability based on negligence (*see McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 377-378 [2011]). Thus, Cornell and Skanska established that their liability to plaintiff, if any, arises solely under Labor Law § 240 (1), and JLG failed to raise a triable issue of fact in that regard. Nevertheless, "[t]o establish a claim for common-law indemnification, 'the one seeking indemnity must prove not only that it was not guilty of any negligence beyond the statutory liability but must also prove that the proposed indemnitor was guilty of some negligence that contributed to the causation of the accident' " (*Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d 681, 684-685 [2005]; *see Foots v Consolidated Bldg. Contrs., Inc.*, 119 AD3d 1324, 1327 [2014]). While we conclude that Cornell and Skanska met their burden of establishing that they were "not guilty of any negligence beyond the statutory liability" (*Perri*, 14 AD3d at 685), we further conclude that those defendants

failed to establish that JLG was guilty of some negligence that contributed to the accident.

The court also properly granted that part of JLG's motion seeking leave to assert a cross claim for contribution against Cornell and Skanska. That cross claim may be asserted despite the showing of Cornell and Skanska that they were not negligent. Under article 14 of the CPLR, "[n]owhere is it required that the liability [for contribution] be predicated upon negligence" (*Doundoulakis v Town of Hempstead*, 42 NY2d 440, 451 [1977]), and the culpable conduct that supports a contribution claim may include the violation of a statutory duty (*see Lippes v Atlantic Bank of N.Y.*, 69 AD2d 127, 137 [1979]; *see also Belmer v HHM Assoc., Inc.*, 101 AD3d 526, 528 [2012]).

Finally, with respect to the appeal of JLG, we conclude that the court properly denied that part of its motion seeking summary judgment dismissing the cross claim of Cornell and Skanska for common-law indemnification against it. Contrary to the contention of JLG, Cornell and Skanska are not barred by principles of judicial estoppel from contending that the boom lift was defective. Although those defendants took a contrary position in the original action in Tompkins County, that position did not prevail (*see Baje Realty Corp. v Cutler*, 32 AD3d 307, 310 [2006]), and thus all of the elements of judicial estoppel are not present (*see generally Reynolds v Krebs*, 143 AD3d 1256, 1256 [2016]). Nor would any negligence on plaintiff's part defeat the cross claim of Cornell and Skanska for common-law indemnification from JLG (*see generally Frank v Meadowlakes Dev. Corp.*, 6 NY3d 687, 693 [2006]).

The court also properly denied that part of JLG's motion seeking summary judgment dismissing plaintiff's manufacturing defect claim against it. JLG did not meet its burden with respect to that claim by merely establishing plaintiff's failure to present evidence of a specific defect but, "[r]ather, [JLG] was required to come forward with evidence in admissible form establishing that plaintiff's injuries were not caused by a manufacturing defect in the product" (*Graham v Pratt & Sons*, 271 AD2d 854, 854 [2000]). Present—Whalen, P.J., Centra, Lindley, Troutman and Scudder, JJ.