**Rivera v AJL Interiors Corp.**

2025 NY Slip Op 31957(U)

June 3, 2025

Supreme Court, New York County

Docket Number: Index No. 152555/2021

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**      PART      **33M**

*Justice*

---------------------------------------------------------------X

RENE RIVERA,

             Plaintiff,

         - v -

AJL INTERIORS CORP., AVAILABLE SPACES, LLC,51-53 LLC,

             Defendant.

---------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152555/2021 |
| MOTION DATE | 08/28/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 45, 46, 47, 48, 49, 50, 51, 55, 56

were read on this motion to/for            JUDGMENT - SUMMARY     .

Upon the foregoing documents, and after oral argument, which took place on April 1, 2025, where Jonathan M. Turnbaugh, Esq. appeared for Plaintiff Rene Rivera ("Plaintiff"), and John Sandercock, Esq. appeared for Defendants Available Spaces, LLC ("Available Spaces") and 51-53 LLC (collectively "Defendants"), Defendants' motion for summary judgment dismissing Plaintiff's Complaint is granted in part and denied in part.[1]

## I.      Background

On June 6, 2019, non-party AIK Renovation, Inc. employed Plaintiff as a carpenter and was working on an interior renovation of the first-floor premises of 51 Bank Street, New York, New York (the "Premises"). Defendant Available Spaces is a property manager at the Premises while 51-53 LLC owned the Premises (NYSCEF Doc. 49 at 8; 11). The general contractor on the Premises was AJL Interiors (NYSCEF Doc. 38 at 28).

---

[1] This matter has been discontinued as to Defendant AJL Interiors Corp. (NYSCEF Doc. 16).

**152555/2021 RIVERA, RENE vs. AJL INTERIORS CORP.**      **Page 1 of 5**
**Motion No. 002**

Plaintiff was alone installing carpentry on the ceiling of the kitchen using a ladder (NYSCEF Doc. 38 at 55-59). Plaintiff was on the fourth rung of the ladder and moved his body to the left approximately three feet off the ladder to take a measurement with a measuring tape when he fell (NYSCEF Doc. 38 at 86-87). Plaintiff stated he may have fallen by leaning (NYSCEF Doc. 38 at 87). He admitted his right foot may have come off the ladder based on how he was leaning (NYSCEF Doc. 38 at 102). Plaintiff testified prior to his fall the ladder worked perfectly (NYSCEF Doc. 38 at 77-79). After he fell, Plaintiff continued working using the same ladder.

According to Plaintiff's supervisor, Plaintiff never mentioned the accident and continued working for six months without missing a day of work, until he was terminated, after which he initiated this lawsuit (NYSCEF Doc. 50 at 25). Plaintiff claimed he informed someone named Josello, but his supervisor testified he never employed anybody by that name (NYSCEF Doc. 50 at 39). Plaintiff's supervisor also testified Plaintiff never appeared injured in the six months following his alleged accident, and although Plaintiff's son also worked at AIK Renovation, Inc, his son never mentioned his father's accident (NYSCEF Doc. 50 at 44-45). Available Spaces employees on the Premises at the time of Plaintiff's alleged accident did not know about his fall (NYSCEF Doc. 49 at 19-20). Defendants seek summary judgment dismissing Plaintiff's Complaint.

## II.  Discussion

### A. Standard

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-

**152555/2021  RIVERA, RENE vs. AJL INTERIORS CORP.**                    **Page 2 of 5**
**Motion No.  002**

2 of 5

moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

### B.  Labor Law § 200

Defendants' motion for summary judgment dismissing Plaintiff's Labor Law § 200 claim is granted. Under Labor Law § 200, liability only attaches to a general contractor or property owner if the owner or general contractor exercised supervisory control over the means and methods of the plaintiff's work (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 144 [1st Dept 2012]). Here, there is no evidence that Defendants provided the ladder from which Plaintiff fell, nor did the Defendants exercise any supervision or control over Plaintiff. Indeed, Plaintiff himself admitted that Defendants did not provide him with any instructions (NYSCEF Doc. 38 at 98). Therefore, Plaintiff's Labor Law § 200 claim is dismissed.

### C.  Labor Law § 240(1)

Defendants' motion for summary judgment dismissing Plaintiff's Labor Law § 240(1) claim is denied. Just as issues of fact precluded Plaintiff's motion for summary judgment on his Labor Law § 240(1) claim, so too do issues of fact preclude Defendants from obtaining summary judgment dismissing Plaintiff's Labor Law §240(1) claim. As an initial matter, there are too many credibility issues surrounding the incident to grant either side summary judgment. While Plaintiff claims the unwitnessed accident happened and he told his colleague, Josello, about it – Plaintiff's supervisor testified Plaintiff never mentioned the accident, continued working for six months without any pain, and that there was never anyone employed by the name of Josello.

**152555/2021  RIVERA, RENE vs. AJL INTERIORS CORP.**                              **Page 3 of 5**
**Motion No.  002**

3 of 5

Moreover, there is an issue of fact as to whether the ladder was insufficient. Plaintiff testified he may have leaned over three feet off the ladder and lifted his right foot off the ladder to measure a part of the ceiling when he fell. Plaintiff testified the ladder did not shake or wobble, and he continued using the ladder the rest of the day. Thus, a jury might find that the ladder was not defective, and the accident was caused by Plaintiff improperly leaning off the ladder (*see, e.g. Blake v Neighborhood Housing Services of New York City, Inc.*, 1 NY3d 280, 290 [2003]) or it may find that Plaintiff had an inadequate safety device for reaching the ceiling to carry out his work (*Noor v City of New York*, 130 AD3d 536 [1st Dept 2015]). There is also an issue of fact as to whether there were other, more appropriate safety devices which could have been used – namely a baker's scaffold. Plaintiff's supervisor testified he had seen other workers use the baker's scaffold in the kitchen but could not state with certainty whether a baker's scaffold was present on the Premises. On this record, neither party has shown it is entitled to summary judgment granting liability on Labor Law § 240(1) or dismissing the labor Law § 240(1) claim.

### D. Labor Law § 241(6)

Defendants' motion to dismiss Plaintiff's Labor Law § 241(6) claim is granted. Plaintiff only opposes dismissal of his Labor Law § 241(6) claim predicated on an alleged violation of Industrial Code § 23-1.21, which sets out certain safety requirements for ladders. However, the undisputed evidence does not give rise to any violations of Industrial Code § 23-1.21. Plaintiff testified prior to the accident the ladder was functioning perfectly (NYSCEF Doc. 38 at 77-79). Right before his accident, as he was extending himself three feet off the ladder to take a measurement, he testified the ladder did not move, shake, or wobble (NYSCEF Doc. 38 at 86-87).

Although Plaintiff claims there is an issue of fact because the ladder first twisted and then Plaintiff fell, this contradicts Plaintiff's testimony that he "fell and the ladder – and then the ladder

**152555/2021  RIVERA, RENE vs. AJL INTERIORS CORP.**
Motion No.  002

**Page 4 of 5**

ended up over the [stove]" in the kitchen where he was working (NYSCEF Doc. 38 at 88). Plaintiff also testified the ladder did not fall at all (NYSCEF Doc. 38 at 88:5-10). Moreover, there is no issue as to whether the floor was slippery. Plaintiff testified, he always cleaned the area of the floor prior to setting up his ladder and there is no testimony that the ladder slipped (NYSCEF Doc. 38 at 69). On similar facts, the First Department dismissed Labor Law 241(6) claims premised on alleged violations of Industrial Code § 23-1.21 (*Cordova v 653 Eleventh Avenue LLC*, 190 AD3d 637 [1st Dept 2021]; *Lopez v La Fonda Boricua, Inc.*, 136 AD3d 588, 588-89 [1st Dept 2016]; *Campos v 68 East 86th Street Owners Corp.*, 117 AD3d 593, 594 [1st Dept 2014]). Therefore, Defendants' motion for summary judgment dismissing Plaintiff's Labor Law 241(6) claim is granted (*see also Croussett v Chen*, 102 AD3d 448, 448 [1st Dept 2013]).

Accordingly, it is hereby,

ORDERED that Defendants' motion for summary judgment dismissing Plaintiff's Complaint is granted in part, and Plaintiff's Labor Law §§ 241(6) and 200 claims are dismissed, and Defendants' motion for summary judgment dismissing Plaintiff's Labor Law §240(1) claim is denied; and it is further

ORDERED that within ten days of entry, counsel for Defendants shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 6/3/2025 | | | | | | | | | |
|----------|--|--|--|--|--|--|--|--|--|
| **DATE** | | | | | | **HON. MARY V. ROSADO, J.S.C.** | | | |

| CHECK ONE: | | ☐ CASE DISPOSED | | | ☒ NON-FINAL DISPOSITION | | |
|------------|--|-----------------|--|--|------------------------|--|--|
| | | ☐ GRANTED | ☐ DENIED | | ☒ GRANTED IN PART | | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | | ☐ FIDUCIARY APPOINTMENT | | ☐ REFERENCE |

152555/2021 RIVERA, RENE vs. AJL INTERIORS CORP.                    Page 5 of 5
Motion No. 002

5 of 5